OPINION OF THE COURT
Memorandum.
*841 The order of the Appellate Division should be affirmed.
At trial, two notebooks containing prostitution records were admitted into evidence against defendant. On this appeal defendant contends that these notebooks, which were seized by a police officer who was lawfully in her apartment for the purpose of executing an arrest warrant, should not have been admitted into evidence under the "plain view” doctrine because the incriminatory nature of this evidence was not "immediately apparent”. (See Coolidge v New Hampshire, 403 US 443, 466.) While we agree with defendant that the outward appearance of the notebooks in question was such that a police officer, no matter how expert, could not have recognized them as evidence of a crime, we must, nonetheless, affirm defendant’s conviction. Our review of the record leads us to conclude that the proof of defendant’s guilt is overwhelming and that there is no reasonable possibility that the trial court’s failure to suppress the notebooks in question might have contributed to defendant’s conviction. Thus, in our view, the error asserted is harmless beyond a reasonable doubt. (People v Crimmins, 36 NY2d 230.)
We have examined defendant’s remaining contentions and have found them to be without merit.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.