■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO CUREAUX, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered June 13, 1984, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Giaccio, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the case is remitted to the Supreme Court, Queens County, for a new suppression hearing in accordance herewith and the appeal is held in abeyance in the interim. The Supreme Court is to file its report with all convenient speed.

The hearing court denied that branch of the defendant's omnibus motion which was to suppress the cocaine found in the defendant's vehicle on the ground that upon approaching the vehicle, the officer saw the cocaine in plain view. However,

as conceded by the People on appeal, the seizure of the cocaine cannot be sustained on the basis of the "plain view" doctrine (see, People v Etoll, 51 NY2d 840, 841). The "outward appearance" of the cocaine, which was wrapped in two white opaque plastic bags, "was such that a police officer, no matter how expert, could not have recognized [it] as evidence of a crime" (People v Etoll, supra, at 841). Indeed, the officer, who testified at the hearing, conceded that he first believed the package contained cocaine only after he had removed the cocaine from the two white plastic bags.

While testimony was presented by both the People and the defendant concerning whether the admissibility of the cocaine could be sustained on the ground that the defendant had consented to the search of his car, the hearing court did not make a determination with regard thereto. Any resolution of the issue of consent must be based upon the credibility of the witnesses, which should be determined in the first instance by the hearing court. Moreover, in light of the passage of time and the somewhat confusing nature of the English translation of the defendant's testimony, which was in Spanish, we remit this matter for a new suppression hearing on the question of whether the defendant consented to the search of his vehicle, and the appeal is held in abeyance in the interim.

At this juncture, we reach no other issue raised on this appeal. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.