■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUILLERMO CUREAUX, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered June 13, 1984, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Giaccio, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence. By decision and order dated February 6, 1989, this court remitted the matter to the Supreme Court, Queens County, for a new hearing and report on that branch of the defendant's omnibus motion which was to suppress physical evidence, and the appeal was held in abeyance in the interim *(People v Cureaux,* 147 AD2d 493). The Supreme Court, Queens County (Giaccio, J.), has conducted a hearing and has submitted its report to this court.

Ordered that the judgment is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court,

Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

Contrary to the Supreme Court's determination, we find that the People failed to sustain their heavy burden of establishing that the defendant had been asked to consent to a search of his vehicle and that he in fact consented. Special Federal Agent Robert Palombo initially testified that the defendant had been asked and had consented to the search of his vehicle. However, upon further questioning, Palombo conceded that the defendant may have indicated that he could not speak English; that Detective Marty Martinez may have translated Palombo's questions into Spanish including a request to search the vehicle; that the defendant may have responded in Spanish; and that Palombo only understood Spanish "limitedly". The defendant, a Cuban refugee, who had been in this country about three years at the time of the incident, testified that Detective Martinez questioned him in Spanish and he responded only in Spanish; that Palombo did not speak to him at all; and that Martinez never asked him if the officers could search his vehicle. While the prosecutor had been granted an adjournment to produce Martinez, after the adjournment, he indicated, without explanation, that he had decided not to call Martinez as a witness. Under these circumstances, it should have been inferred, as essentially requested by defense counsel, that Martinez's testimony "would not support or would even contradict the testimony" of Palombo and "would have supported and corroborated the version" of the defendant (1 CJI[NY] 8.54, at 450-451; *see, People v Wright,* 41 NY2d 172, 176; *People v Brown,* 34 NY2d 658, 660; *see also, People v Anderson,* 69 NY2d 651).

Therefore, given Palombo's equivocal testimony and the unfavorable inference arising from the People's failure to call Martinez as a witness, it cannot be said that the People proved that the defendant had been asked and had consented to a search of his vehicle.

Since the only legal basis for the search of the defendant's vehicle would have been his consent, that branch of the defendant's omnibus motion which was to suppress the cocaine found in his vehicle is granted, the conviction is reversed and the indictment is dismissed.

In light of our determination, we need not reach the defendant's other contentions. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.