■ The People of the State of New York, Respondent, v Dean A. Waugh, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered January 18, 1990, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence adduced at trial in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of depraved mind murder (Penal Law § 125.25 [2]). The proof adduced by the People showed that the defendant pressed a gun against his girlfriend's neck, pulled the trigger and fled the scene, leaving her on the floor of his bedroom. Moreover, upon the exercise of our factual review power, we

find that the verdict was not against the weight of the evidence (CPL 470.15 [5]). The defendant's testimony that the gun discharged accidentally and the conflicting expert testimony presented an issue of credibility for the jury *(see, People v Gaimari,* 176 NY 84, 94). Since the jury's determination is supported by the record, it will not be disturbed on appeal *(see, People v Garafolo,* 44 AD2d 86, 88).

The defendant contends that the court erred in failing to suppress the contents of his wallet that were seized by the police during a search of the defendant's bedroom. However, even if we were to assume that the court's suppression ruling was erroneous in that regard, reversal would still not be required. Our review of the record leads us to conclude that the proof of the defendant's guilt was so overwhelming that there was no reasonable possibility that the court's failure to suppress the contents of the wallet might have contributed to the defendant's conviction. Thus, any error asserted is harmless beyond a reasonable doubt *(see, People v Etoll,* 51 NY2d 840; *People v Crimmins,* 36 NY2d 230; *People v Spencer,* 157 AD2d 906; *People v Thomas,* 141 AD2d 781).

The defendant further contends that the court improvidently exercised its discretion in permitting one of the People's experts, a medical examiner, to opine that the victim's injuries were consistent with an "execution-type shooting". However, in making only a generalized objection, defense counsel failed to inform the trial court whether he believed the expert to be unqualified to render such an opinion, whether he believed the question to invade a province of the jury or whether there was some other reason for excluding the testimony. Thus, his instant claim is unpreserved for this Court's review *(see,* CPL 470.05 [2]). We note also that the defendant had the opportunity to, and did, cross-examine the People's expert and present a different opinion through his own expert.

Under the circumstances of this case, the maximum terms of imprisonment imposed were neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Balletta, Eiber and O'Brien, JJ., concur.