■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER CLEMENTE, Appellant. [609 NYS2d 8] —Judgment, Supreme Court, New York County (Richard Lowe, III, J.), rendered February 26, 1991, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first, second, third and fourth degrees, two counts of criminal possession of a weapon in the third degree, and criminally using drug paraphernalia in the second degree, and sentencing him to a term of 15 years to life on the first degree possession count, to run consecutively to a term of 1 to 3 years on one of the weapons possession counts and concurrently to lesser terms on the remaining counts, unanimously affirmed.

The scope of the police officers' search of the apartment was reasonably related to the emergency that defendant concedes justified their warrantless entry (see, People v Rielly, 190 AD2d 695, lv denied 81 NY2d 891). Contrary to defendant's argument, having received a report of a person shot in the apartment and heard glass and metal breaking inside, the police were not limited to searching for persons (see, United States v Hernandez, 941 F2d 133, 135-138 [2d Cir]), and all of the items seized were discovered in plain view (People v Rielly, supra), except the drug ledger, the incriminating nature of which was not apparent until it was reviewed by a police officer (see, People v Etoll, 51 NY2d 840, 841), but the admission of which was harmless in light of the other evidence connecting defendant to the drug business being conducted in the apartment (see, supra).

The court's Sandoval ruling permitting the prosecutor to cross-examine defendant about the facts underlying prior convictions involving possession of cocaine was not an abuse of discretion, based as it was on defendant's intention to place his character in issue by claiming that his presence in the apartment was innocent and calling character witnesses to testify that he was a law-abiding citizen (see, People v Brugman, 199 AD2d 202). Nor was it error to permit the prosecutor to impeach the character witnesses by asking them whether they had heard that defendant had committed the prior acts of possession, rather than asking merely whether they had heard reports or rumors of those incidents (see, People v Lediard, 80 AD2d 237, 243). Concur—Ellerin, J. P., Rubin, Nardelli and Williams, JJ.