■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ROSARIO, Appellant. [617 NYS2d 887] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered June 17, 1993, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On June 29, 1990, the defendant shot and killed the victim following an argument. He was charged with intentional murder, depraved indifference murder, and criminal possession of a weapon in the second degree.

Prosecution witnesses testified that the defendant pulled out a gun during the argument and pointed it at the victim, who managed initially to push the weapon down in an attempt to resolve the dispute without gunfire. The defendant raised his arm again and fired a shot at the victim's stomach from a distance of about seven feet. One witness said that the shot

missed, but that the defendant fired a second shot from farther away, and across the street. The victim died from a single gunshot wound to his chest.

The defendant testified that he pointed a gun at the victim, who he believed was attempting to get a baseball bat from his car. He claimed that the gun fired accidentally during a struggle, as he was backing away from the victim.

The jury acquitted the defendant of intentional murder, but convicted him of both depraved indifference murder and criminal possession of a weapon.

We conclude that the court properly submitted the two murder counts to the jury in the alternative *(see, People v Gallagher,* 69 NY2d 525). Further, viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt of depraved indifference murder beyond a reasonable doubt *(see, People v Santana,* 163 AD2d 495, *affd in part* 78 NY2d 1027). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have considered the defendant's remaining contention and find it to be without merit. Ritter, J. P., Copertino, Friedmann and Florio, JJ., concur.