■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR M. RIVAS, Appellant. [626 NYS2d 640] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of the second degree murder of his former girlfriend, Valerie Hill. He contends that the suppression court erred in refusing to suppress statements he made to the police during an interview on March 30, 1987 and in refusing to suppress pieces of paper seized during a search of his residence pursuant to a warrant.

We agree with defendant that seizure of the pieces of paper found during the search of his residence was not justified by the plain view exception. Police may seize items in plain view that are not described in a warrant if the police are lawfully in a position to observe the items, have lawful access to them and their incriminating nature is immediately apparent (see, People v Diaz, 81 NY2d 106, 110; People v Basilicato, 64 NY2d 103, 115). The incriminating nature of the pieces of paper that fell from a crumpled newspaper as an officer removed the newspaper from a plastic bag in defendant's kitchen was not immediately apparent. The incriminating nature became apparent only after the officer picked up the pieces, put them together and then scrutinized the writing to ascertain that it was a note written to someone named "Bob" on stationery similar to that seen in the victim's apartment (see, Arizona v Hicks, 480 US 321; People v Etoll, 51 NY2d 840; People v Clemente, 202 AD2d 302, lv denied 84 NY2d 906; People v Haas, 55 AD2d 683). We, nevertheless, conclude that admission of that evidence is harmless error. The People presented other evidence of the jealous nature of defendant, his infatuation with the victim and his stalking of the victim following the break-up of their relationship. Proof of guilt, though mainly circumstantial, was overwhelming, and there is no reasonable possibility that admission of the note contributed to defendant's conviction (see, People v Crimmins, 36 NY2d 230, 237; People v Benefield, 203 AD2d 925, lv denied 84 NY2d 822).

We decline to disturb the suppression court's finding that the initial interview of defendant at the police station, though lengthy, was not custodial in nature (see, People v Centano, 76 NY2d 837, 838; People v Yukl, 25 NY2d 585, 588-589, mot to

*amend remittitur denied* 26 NY2d 845, 883, *cert denied* 400 US 851). Defendant failed to preserve for review his contention that the trial court erred in admitting testimony and in permitting comments concerning his silence *(see,* CPL 470.05 [2]). We decline to review that contention as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

The untimely disclosure of *Brady* material did not deprive defendant of a fair trial. The untimely disclosure was not intentional, and the court offered defendant the alternatives of an adjournment to obtain witnesses concerning the exculpatory material or the introduction of the material itself through the testimony of a police witness on defendant's direct case. Defendant selected the latter alternative and was thereby afforded a "meaningful opportunity" to use the allegedly exculpatory material *(People v Cortijo,* 70 NY2d 868, 870; *see, People v Brown,* 67 NY2d 555, 559, *cert denied* 479 US 1093).

In our view, evidence of prior bad acts was properly admitted to rebut evidence of defendant's good character *(see, People v Klos,* 190 AD2d 754, 755, *lv denied* 81 NY2d 972; *cf., People v Donato,* 202 AD2d 1010, *lv denied* 83 NY2d 871). We further conclude that the verdict is not contrary to the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Murder, 2nd Degree.) Present— Fallon, J. P., Wesley, Doerr, Balio and Boehm, JJ.