■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VUKSAN MICKOVIC, Appellant. [631 NYS2d 353] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered December 19, 1991, convicting defendant, after a jury trial, of attempted burglary in the third degree, criminal mischief in the fourth degree and possession of burglar's tools, and sentencing him, as a second felony offender, to a term of 2 to 4 years on the burglary count, and two conditional discharges on the other counts, unanimously affirmed.

While the point-to-point radio recovered from defendant should have been suppressed (*see, People v Riddick*, 110 AD2d 787; *People v Diaz*, 81 NY2d 106), the error was harmless (*People v Crimmins*, 36 NY2d 230), since the other evidence overwhelmingly established defendant's guilt beyond a reasonable doubt (*see, People v Rivas*, 214 AD2d 996). Defendant and his companion were observed by a police officer circling a block on which two exclusive stores were located, removing a duffel bag from the trunk of a nearby parked car, using a bolt cutter from that bag to cut through the chain that locked the gate to the alley adjacent to the stores, and entering the alley. Defendant and his companion were soon joined by two other men in the alley, and, after remaining there for several minutes, the men left, defendant and one of the others carrying a bag. Afterwards, police discovered a 12- to 18-inch hole in the grating that led to a second alley abutting the back of the stores, and a large variety of burglar's tools, including a crowbar, sledge hammer, and bolt cutter, in the car defendant had exited just before entering the alley. Such evidence clearly supports the conclusion that defendant came " ' "dangerously near" ' " completion of the burglary so as to constitute an attempt (*People v Wright*, 191 AD2d 226, 227, *lv denied* 81 NY2d 1022). Defendant argues that since he left the scene, he abandoned any criminal plan before it reached the "dangerous proximity" level. However, based on the fact that he circled the block before collecting his burglar's tools, that two of his accomplices remained on the street as lookouts, that the chain was left in place so that the gate appeared to be locked, that he and his accomplices had masks and burglar's tools in the car, that he was apprehended only two blocks from the scene, and that burglaries, according to the testimony of the eyewitness police officer, were sometimes committed in stages, the evidence strongly supports the conclusion that defendant was trying to avoid detection and that he was planning to return to complete the job. Concur—Rosenberger, J. P., Asch, Williams and Mazzarelli, JJ.