■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES CRAWFORD, Appellant. [743 NYS2d 528] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered April 7, 1997, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of, among other things, depraved indifference murder for the shooting death of the victim. The evidence presented at trial reveals that in the months leading up to the shooting, the victim became increasingly angry over the defendant's refusal to pay a debt, and that the victim confronted the defendant about the debt several times before the altercation which resulted in his death. On appeal, the defendant contends that his conviction should be reversed because depraved indifference murder is a nonintentional homicide based upon reckless conduct, and here, since the jury rejected his justification defense, the only other rational conclusion that it could have reached was that he shot the victim intentionally. We disagree. Although a defendant may not be convicted of both intentional and depraved indifference murder because one who acts intentionally in shooting another person cannot also be considered to have acted recklessly (*see People v Gallagher,* 69 NY2d 525, 529), where the two murder theories are submitted to the jury in the alternative, the fact that there is some evidence which suggests that the defendant has committed an intentional act does not preclude the jury from finding that, in fact, the defendant acted recklessly (*see People v Flowers,* 289 AD2d 504, *lv denied* 97 NY2d 754; *People v Ferguson,* 240 AD2d 510; *People v Rosario,* 208 AD2d 961; *People v Waugh,* 189 AD2d 907). Indeed, "we are not free to vacate a conviction based on a finding of recklessness merely because we ourselves consider that a finding of intent would have been more plausible in light of the ev-

idence" (*People v Tankleff*, 199 AD2d 550, 554, *affd* 84 NY2d 992).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of depraved indifference murder beyond a reasonable doubt. The jury could have rationally concluded that when the defendant first fired his weapon he was responding to a taunt by the victim, and did not have a conscious intent to kill him. While the defendant then approached the victim and fired additional shots, there was evidence from which it could be inferred that the first shot was fatal. Thus, the jury could have found that the defendant acted recklessly and without premeditation when he fired the first shot which fatally wounded the victim, while the subsequent shots were fired after he formed an intent to kill. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contention is without merit. Krausman, J.P., Friedmann, Adams and Crane, JJ., concur.