OPINION OF THE COURT
Leslie Crocker Snyder, J.
The defendant was arrested on February 5,1984, and charged with a violation of Vehicle and Traffic Law § 1192 (4), operating a motor vehicle while under the influence of drugs.
The defendant’s motion to suppress statements resulted in a Huntley hearing (People v Huntley, 15 NY2d 72 [1965]) held before me on September 20, 1984. Police Officer Frederick Termini was the only witness to testify at that hearing. From the credible testimony, I make the following findings of fact.
*595 On February 5, 1984, Officer Termini was assigned to the Manhattan North Driving While Intoxicated (DWI) Unit. A roadblock was established on the Manhattan side of the 145th Street Bridge at the corner of 145th Street and Lenox Avenue. Officer Termini and his fellow officers stopped every car that passed through the driver safety roadblock.
At approximately 12:05 a.m., Officer Termini stopped the defendant who was driving a 1974 Oldsmobile. The officer asked the defendant to roll down the window on the driver’s side. When the window was opened the officer observed a large quantity of smoke and smelled marihuana. The officer was familiar with the odor of marihuana from his work.
Officer Termini informed the defendant that this was a routine safety check and asked the defendant if he had been smoking. The defendant replied, “I had a joint and a beer.” The defendant had not been read his so-called Miranda rights (Miranda v Arizona, 384 US 436 [1966]) prior to the officer’s inquiry.
Two issues must be resolved under this set of facts. First, can the defendant’s statement be admitted on the People’s direct case despite the failure of the officer to give Miranda warnings at the safety roadblock? Second, what effect, if any, does the People’s alleged failure to give statement notice under CPL 710.30 have on the admissibility of the defendant’s statement?
The use of nonarbitrary and noncapricious roadblocks as a means of controlling drunk drivers has been held to be constitutionally permissible. (See, e.g., Delaware v Prouse, 440 US 648 [1979]; People v Scott, 63 NY2d 518 [1984]; People v Torres, 125 Misc 2d 78 [Crim Ct, NY County, Koch, J., 1984].) This was a routine safety check. Every car passing the roadblock was stopped briefly.
Having found the initial stop to have been permissible, the issue now becomes whether the officer was required to give the defendant his Miranda rights prior to questioning him at a traffic safety checkpoint. The United States Supreme Court has ruled on this issue recently. In Berkemer v McCarty (468 US_, 104 S Ct 3138 [1984]), the court held that such stops are noncustodial in nature and that Miranda warnings need not be given in such situations. The Berkemer court emphasized that a traffic stop has mitigating features which reduce the danger that an individual will be induced to speak: the traffic stop is brief, temporary and exposed to public view. The court analogized the nonthreatening nature of a traffic stop to a “Terry-type” stop (Terry v Ohio, 392 US 1 [1968]). In such circum *596 stances the defendant is not in custody; therefore, the Miranda warnings are not required. (Berkemer v McCarty, supra, p , p 3150.)
Neither counsel nor the court can find any New York State authority that is dispositive of this issue.[2] Under traditional search and seizure analysis, again, this stop was brief, open to public view and completely lacking in the threatening nature which might make a defendant feel compelled to speak.
This court holds that the routine traffic safety roadblock at issue here was a noncustodial stop. There was no need for the officer to inform the defendant of his Miranda rights. I find defendant’s statement to have been made voluntarily at the time of the traffic safety stop.
The only remaining question concerns the People’s alleged failure to give timely statement notice pursuant to CPL 710.30. Assuming that the People failed to give this notice, the defendant argues that such failure should result in the suppression of the defendant’s otherwise admissible statement.
I find that CPL 710.30 creates no such independent exclusionary rule. In People v Briggs (38 NY2d 319 [1975]), the Court of Appeals found that the purpose of this statute is to give the defendant adequate time to prepare for trial and to test the voluntariness of his statement. Preclusion of a statement is warranted only when a failure to provide timely notice in and of itself impairs the defendant’s ability to question the basis of the statements at issue or to make adequate motions (p 323).
In the facts before us, the complaint itself gave the defendant notice of the People’s intent to use statements made by him. The fact that this hearing is being held shows that the defendant was given sufficient notice to prepare adequately for trial. I find that the defendant has failed to show any prejudice to the rights which CPL 710.30 was created to protect.
The defendant’s motion to suppress statements is denied for the reasons set out above.

. People v Torres (supra) held that Miranda warnings must be given when a defendant is asked to pull into a safety zone after being stopped at a traffic safety roadblock. This pre-Berkemer decision discussed questioning at a later stage of a roadside stop and did not specifically address the issue before this court.