■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WARREN WEEKS, Respondent.—Order unanimously affirmed for reasons stated in memorandum decision at Onondaga County Court, Burke, J. (Appeal from order of Onondaga County Court, Burke, J.—dismiss indictment.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONALD F. LE BEAU, Respondent.—Order unanimously reversed on the law, motion denied, and count one of the indictment reinstated. Memorandum: The People contend that the trial court erred in dismissing for lack of probable cause defendant's indictment for operating a motor vehicle while under the influence of alcohol or drugs (Vehicle and Traffic Law § 1192 [3]). We agree.

Rochester Police Sergeant Danley observed defendant operate his vehicle erratically by weaving back and forth across both lanes of traffic. Defendant's tire blew out but he continued to drive on the rim. Additionally, after entering a parking lot the officer saw defendant drive into a guardrail without slowing down. Upon approaching defendant, the officer noted that he had bloodshot eyes and smelled of alcohol. A second officer arriving on the scene stated that defendant had bloodshot eyes, smelled of alcohol and could hardly walk. Based on their observations and past experience, both officers expressed the opinion that defendant was intoxicated. These facts and the specific reasonable inferences drawn therefrom were sufficient to warrant a reasonable and prudent police officer to conclude that defendant was driving while intoxicated *(People v Bittner,* 97 AD2d 33, 37; *People v Laskaris,* 82 AD2d 34, 38-39). (Appeal from order of Monroe County Court, Maloy, J.—dismiss indictment.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.