■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LYNN RUDOLPH, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered June 13, 1985, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that it was error to permit the People to use his prior statement on cross-examination and again on rebuttal, to the effect that the only thing he had going for him was the fact that the authorities would never find the murder weapon, where no notice of that statement had been provided pursuant to CPL 710.30. While this court has heretofore indicated that the better practice would be for

the People to provide such notice *(People v Williams,* 131 AD2d 525; *People v Barrie,* 74 AD2d 576; *cf., People v Webb,* 97 AD2d 779), the statute does not require that such notice be provided where a statement made by a defendant is being used solely for purposes of impeachment (CPL 710.30; *People v Harris,* 25 NY2d 175, *affd* 401 US 222). Moreover, in the instant case the proper foundation was laid for the use of the statement, since on cross-examination the defendant denied that he had ever been asked any question pertaining to the gun *(see, People v Maerling,* 64 NY2d 134; *People v Wise,* 46 NY2d 321), and, once the door was opened, it was proper for the People to call as a rebuttal witness the detective to whom the statement had been made *(see, People v Wise, supra).*

Similarly without merit is the defendant's contention that his guilt was not established. Upon the exercise of our factual review power, we are satisfied that the evidence, which included the testimony of eyewitnesses as well as the defendant's confession, established the defendant's guilt beyond a reasonable doubt, and the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). In fact, the evidence was overwhelming. Further, the defendant's contention that the court erred in admitting rebuttal testimony concerning the credibility of certain witnesses *(see, People v Rivers,* 96 AD2d 874) was not preserved for appellate review *(see, People v Ramirez,* 125 AD2d 343, *lv denied* 69 NY2d 885) and, in any event, any error in this regard was harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230).

Finally, we conclude that the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Eiber, Kunzeman and Spatt, JJ., concur.