■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED P. DEBLASE, Appellant.—Judgment unanimously affirmed. Memorandum: Following a nonjury trial, defendant was convicted of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3). On appeal, he claims that the trial court erred by considering the manner in which the accident occurred in arriving at the factual determination that he was intoxicated and not merely impaired. We disagree. The distinction between driving while impaired and driving while intoxicated is one of degree. "[I]ntoxication is a greater degree of impairment which is reached when the driver has voluntarily consumed alcohol to the extent that he is incapable of employing the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver" *(People v Cruz,* 48 NY2d

419, 428). In deciding the extent of a driver's inability to operate a vehicle safely, the fact finder may consider the testimony of a police officer regarding the manner in which an accident occurred or the officer's observations of the driver's operation of the vehicle *(People v Le Beau,* 134 AD2d 929; *People v Ottomanelli,* 107 AD2d 212, 217, *lv denied* 66 NY2d 617). We conclude upon our independent review of the record that the People's proof was legally sufficient to support the conviction for driving while intoxicated and that the factual determination was not contrary to the weight of evidence.

The court did not err by admitting evidence of oral statements made by the defendant prior to any *Miranda* warnings. The statements were made in response to investigatory questions at the scene of an accident and defendant was not in custody *(People v Palmiere,* 124 AD2d 1016). Aside from the *Miranda* issue, defendant raised no question regarding the voluntariness of these statements and thus we conclude that a CPL 710.30 notice was not required *(People v Balschweit,* 91 AD2d 1127; *People v Christopher S.,* 126 Misc 2d 594). (Appeal from judgment of Supreme Court, Monroe County, Doyle, J.—driving while intoxicated, and another charge.) Present—Dillon, P. J., Doerr, Denman, Balio and Lawton, JJ.