■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN EVANS, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of burglary in the second degree, defendant contends that he was deprived of a fair trial by prosecutorial misconduct on summation, that there was insufficient proof of his criminal intent to support the burglary conviction, and that there was insufficient proof of his identity as the burglar. Concerning defendant's first contention, the prosecutor's labeling of the alibi testimony as a "bald-faced lie" was highly improper and exceeded the bounds of fair advocacy. Nevertheless, defendant was not deprived of a fair trial by that isolated remark. The court immediately sustained defendant's objection and gave prompt curative instructions which alleviated any possible prejudice. Similarly, defendant was not deprived of a fair trial by the prosecutor's assertion that defendant's brother was "in fact" in jail on the weekend following the break-in. The entire area of inquiry and comment was unrelated to the credibility of the alibi testimony. Moreover, the court sustained defendant's objection and dissipated any possible prejudice by giving forceful curative instructions.

There is no merit to a defendant's challenges to the sufficiency of the evidence to establish his identity as the burglar or to establish his criminal intent. Proof of defendant's identity as the burglar was furnished by the unequivocal testimony of the homeowner's daughters, who testified that they saw defendant in and/or leaving the house. Moreover, defendant's criminal intent may be inferred from proof of the forced entry, his actual commission of the crimes of criminal

mischief and attempted larceny while on the premises, and his returning to the premises in an apparent attempt to complete the theft. (Appeal from judgment of Supreme Court, Erie County, Egan, J.—burglary, second degree.) Present—Doerr, J. P., Denman, Boomer, Balio and Davis, JJ.