■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE MITCHELL, Appellant.—Judgment unanimously affirmed. Memorandum: The trial court did not err in permitting cross-examination of defendant regarding a statement he made to police. Defense counsel objected on the ground that no CPL 710.30 notice had been served, but raised no objection upon the ground of voluntariness. Thus that issue was not properly preserved for our review *(see, People v DeBlase,* 142 AD2d 926; *People v Balschweit,* 91 AD2d 1127). Moreover, a CPL 710.30 notice was not required. The statement was not used as evidence-in-chief but was utilized on cross-examination and rebuttal solely to impeach defendant's testimony on direct examination regarding the time that he fell *(see, People v Rudolph,* 134 AD2d 539, *lv denied* 71 NY2d 902; *People v Bowden,* 104 AD2d 695).

The claimed instances of prosecutorial misconduct do not warrant reversal *(see, People v Rosemond,* 126 AD2d 962, *lv denied* 69 NY2d 886; *People v Mott,* 94 AD2d 415). The summation remarks were made in response to defense counsel's attack upon the credibility of the victim and constituted fair comment *(see, People v Rubin,* 101 AD2d 71, 77-78) and as to one comment, the court gave a curative instruction, thereby reducing any prejudicial impact *(see, People v Evans,* 148 AD2d 979, *lv denied* 74 NY2d 739).

We have reviewed the remaining claims of error raised by defendant and find them to be either unpreserved *(see,* CPL 470.05 [2]) or harmless *(see, People v Johnson,* 57 NY2d 969; *People v Crimmins,* 36 NY2d 230, 241-242). (Appeal from judgment of Monroe County Court, Celli, J.—sexual abuse,

first degree; burglary, second degree.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.