■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD CONNOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered September 14, 1987, convicting him of robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The testimony at trial established that the defendant and an accomplice, Dolores Solomon, planned to rob a woman named Doris Garner in order to purchase drugs. According to Solomon, who was called as a witness by the People, the defendant fled the crime scene when Larry Johnson, a neighbor of the victim, intervened. The defendant, however, returned to the scene where he was immediately identified by the victim, Johnson, and Solomon. At trial, the defendant took the stand and explained that he was merely a bystander who had refused Solomon's solicitations earlier that evening.

On cross-examination the defendant denied making a statement to Parole Officer Alston, to the effect that he had participated in the robbery. When the People sought to call the parole officer as a rebuttal witness, the defendant requested and was granted a *Huntley* hearing to determine whether the statement made by him while at the Brooklyn House of Detention, was voluntarily made. There was testimony that it was not the policy of the Parole Division to recite *Miranda* warnings. The Supreme Court, after the hearing, found that the defendant was not under any compulsion to answer Alston's questions, that he was at all times free to leave the room, and that there was no threat of a potential sanction against him for refusal to answer Alston's questions. Under the circumstances, the court found that the statement was voluntarily made. We perceive no basis to overturn this determination. Issues of credibility are primarily for the hearing court to determine and its findings should be upheld unless they are clearly erroneous (*People v Armstead,* 98 AD2d 726; *People v Vail,* 90 AD2d 917, 918).

At trial, the defendant objected to the parole officer's testimony and moved to preclude the admission into evidence of the statement made by him to the parole officer based on the failure of the People to provide notice thereof pursuant to CPL 710.30. Where, as here, the statement is used only for impeachment purposes on rebuttal and where the defendant's testimony opens the door to its admission, the notice requirement of CPL 710.30 is waived (*People v Rudolph,* 134 AD2d 539; *People v Barrie,* 74 AD2d 576).

We have reviewed the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Eiber and Balletta, JJ., concur.