■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEF FOSTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered February 6, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and sentencing him to an indeterminate term of 5 to 15 years imprisonment to run consecutively to a term of imprisonment imposed by the same court on January 3, 1990, under Indictment No. 2146/88.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentence shall run concurrently with the sentence imposed under Indictment No. 2146/88; as so modified, the judgment is affirmed.

The defendant contends that it was error to permit the People to use his prior statement, on cross-examination and again on rebuttal, that he used drugs and was planning to enter a drug program, where no notice of this statement had been provided pursuant to CPL 710.30. Although the better practice would have been for the People to have provided such notice (see, *People v Rudolph*, 134 AD2d 539), the statute does not require that such notice be provided where a statement made by a defendant is being used solely for purposes of impeachment (see, *People v Rudolph, supra*). Moreover, since the defendant, on cross-examination, denied that he had ever made any statements regarding his drug problem or his intention to enter a drug rehabilitation program, it was proper for the People to call the officer to whom the statement was made as a rebuttal witness (see, *People v Rudolph, supra*). In any event, since the admitted statements did not incriminate the defendant in the sale of narcotics to the undercover

officer, and since there was overwhelming evidence of the defendant's guilt, we find that any error in the admission of the statements was harmless (see, *People v Crimmins*, 36 NY2d 230).

We find that the defendant's sentence was excessive to the extent indicated.

We have examined the defendant's remaining contentions and find that they are either unpreserved for appellate review or without merit. Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.