■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PIERROT LAMOUR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.) rendered February 27, 1990, convicting him of attempted rape in the first degree, sexual abuse in the first degree (two counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the course of the trial, the victim testified that she had struck her assailant in the head with a portable radio, drawing blood. The defendant, who testified on his own behalf, claimed that he had sustained a cut on his forehead when he was struck by an opening door. The defendant also denied ever telling anyone that he had sustained the injury by falling

down. The People's rebuttal witness, a police officer, testified that on the date of the arrest, the defendant stated that he had received the cut as the result of a fall.

The defendant contends that he was denied a fair trial by the admission of the rebuttal testimony because the statement attributed to the defendant had not been previously disclosed as required by CPL 240.20 (1) (a). However, the record does not reveal that the prosecutor was aware of the challenged statement at the time of the defendant's discovery demand or that he learned of the statement at any time subsequent to the original demand but prior to the trial *(see,* CPL 240.20 [2]). Furthermore, the record indicates that the People had no intention of eliciting the challenged statement as part of their case-in-chief, and decided to do so only after the defendant had offered an alternative explanation for his head wound and had denied ever telling the police officer that he had sustained the injury by falling. Under these circumstances, it was proper for the People to call the officer to whom the statement was made as a rebuttal witness *(see, People v Foster,* 182 AD2d 701; *People v Connor,* 157 AD2d 739). The challenged statement was not collateral, but, instead, was directly relevant to the complainant's identification of the defendant as her assailant *(see, People v Wise,* 46 NY2d 321; *People v Knight,* 173 AD2d 736, 737, *affd* 80 NY2d 845; *People v Beavers,* 127 AD2d 138, 141). Therefore, the rebuttal testimony was properly admitted for impeachment purposes.

The defendant also contends that he was denied due process of law because he was not present at the *Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371) conducted in chambers. While a criminal "defendant has a fundamental right to be present at all material stages of [the] trial" *(People v Mehmedi,* 69 NY2d 759, 760; *People v Williams,* 186 AD2d 161), which includes presence at a *Sandoval* hearing *(see, People v Dokes,* 79 NY2d 656; *People v Jenkins,* 157 AD2d 854), the record does not indicate that any dispute concerning the defendant's criminal record was raised at the hearing *(see, People v Ray,* 184 AD2d 596; *cf., People v Jenkins, supra)* or that the defendant's absence prejudiced him in any way or otherwise compromised his ability to defend himself at the trial *(People v Ray, supra; People v Eske,* 179 AD2d 770, 771). More importantly, the error in conducting the hearing in his absence was cured when, on the second day of trial, before any testimony was taken, the trial court noted that, in light of "a requirement" which had just come to the trial court's attention, "that the defendant must be present" at a *Sandoval*

hearing, the minutes from the *Sandoval* hearing were read into the record in the defendant's presence, and the defendant was given an opportunity to consult with his attorney and to raise any objections with respect to any *Sandoval* issues. Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.