■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUL RAHEEN, Also Known as RAHEEM ABDUL, Appellant.—Judgment, Supreme Court, New York County (Stephen G. Crane, J.), rendered August 27, 1990, convicting defendant after bench trial of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 12 to 24 years, 7½ to 15 years, and 3½ to 7 years, respectively, unanimously affirmed.

The indictment charged that in the early morning of October 7, 1989, defendant and two accomplices robbed Frank Martinez and his friend Sherril Meadows outside of a club located on 135th Street in Manhattan. Defendant asserted at trial that Martinez was a drug dealer who owed defendant money for past services he had performed as a courier, and that defendant was merely attempting to collect this debt; he denied having committed a robbery, contending that he was

unarmed, and that instead it was Martinez who threatened him with a gun.

While there was cogent evidence suggesting that Martinez, contrary to his trial testimony, was armed, the verdict is nonetheless legally sufficient and supported by the weight of the evidence. A transit police officer who happened on the scene shortly after the commission of the crime testified that defendant was armed with a gun, and that Martinez was shouting that he had been robbed. Martinez' girlfriend corroborated his account, and defendant's post-arrest statements established that he was a participant, with accomplices, in a planned robbery.

Defendant's claim that the prosecutor mischaracterized his testimony on summation is without merit. The comment, to the effect that the defendant had gone to Club 22 West to pick up heroin and use cocaine, clearly referred to defendant's trial testimony, wherein he admitted these facts with reference to his past activities as a drug courier, and it could hardly have been understood by the Trial Justice as referring to defendant's intent on the night of the robbery.

The People admittedly failed to give notice pursuant to CPL 710.30 of some of defendant's statements. The trial court properly struck from the record direct testimony concerning the statements, allowing the evidence only on rebuttal (*People v Rudolph,* 134 AD2d 539, *lv denied* 71 NY2d 902). Since this was a bench trial, and since the court was, on defendant's consent, deciding the suppression issues based on the trial testimony, defendant cannot argue at this juncture that he was prejudiced by the mere admission of this testimony, later struck from record, on the People's direct case. Concur—Sullivan, J. P., Carro, Kupferman and Rubin, JJ.