■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN SANZOTTA, Appellant. [595 NYS2d 1032] —Judgment unanimously affirmed. Memorandum: Defendant contends that the evidence was legally insufficient to sustain his conviction of forgery in the second degree. We conclude that the People satisfied "the proof and burden requirements for every element of the crime charged" to sustain defendant's conviction of forgery in the second degree *(People v Bleakley,* 69 NY2d 490, 495). Defendant further contends that prosecutorial misconduct deprived him of a fair trial. Because no objections were raised to the alleged misconduct, any errors have not been preserved for our review *(see,* CPL 470.05 [2]; *People v Dawson,* 50 NY2d 311, 324). In any event, the incidents of misconduct were not so egregious that defendant was deprived of a fair trial *(see, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837; *People v Plant,* 138 AD2d 968, *lv denied* 71 NY2d 1031).

Defendant further contends that the trial court erred in permitting the prosecutor to cross-examine him with a previously undisclosed statement he made to the police. Because the statement was not used as evidence-in-chief, but only on cross-examination to impeach defendant's testimony, a CPL 710.30 notice was not required *(see, People v Mitchell,* 155 AD2d 879, *lv denied* 76 NY2d 739; *People v Rudolph,* 134 AD2d 539, *lv denied* 71 NY2d 902). Additionally, because defense counsel failed to specify the basis for his objection to the use of that statement, his present arguments concerning voluntariness and the People's violation of the court's discovery order have not been preserved for our review *(see, People v Clarke,* 81 NY2d 777; *People v Mitchell, supra; People v DeBlase,* 142 AD2d 926), and we decline to reach them in the interest of justice.

Defendant also asserts that a new trial must be ordered because the People failed to exercise due care to preserve *Rosario* material consisting of an investigator's notes. Defense counsel received notice during pretrial proceedings and again at trial that the investigator had destroyed his notes after incorporating them into his police report. Because defense

counsel failed to object to the *Rosario* violation or seek a sanction, that issue has not been preserved for our review *(see, People v Rogelio,* 79 NY2d 843, 844; *People v Jackson,* 78 NY2d 900; *People v Rivera,* 78 NY2d 901; *People v Bell,* 190 AD2d 1032), and we decline to reach it in the interest of justice.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Forgery, 2nd Degree.) Present—Green, J. P., Pine, Lawton, Fallon and Davis, JJ.