THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM GOLDMAN, Appellant. [604 NYS2d 841] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court's unbalanced interested witness charge mandates reversal. Because no objection was made to that charge, defendant has failed to preserve his contention for appellate review (see, CPL 470.05 [2]; People v Cheney, 178 AD2d 1007, 1008, lv denied 79 NY2d 945), and we decline to consider it as a matter of discretion in the interest of justice (see, CPL 470.15 [6]). Defendant has also failed to preserve for our review his contention that prosecutorial misconduct on summation deprived him of a fair trial (see, CPL 470.05 [2]; People v Dawson, 50 NY2d 311, 324). In any event, the misconduct was not so egregious that defendant was deprived of a fair trial (see, People v Sanzotta, 191 AD2d 1032; People v Roopchand, 107 AD2d 35, affd 65 NY2d 837; People v Plant, 138 AD2d 968, lv denied 71 NY2d 1031).

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from Judgment of Oneida County Court, Merrell, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Pine, Lawton, Boomer and Davis, JJ.