■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABE ROBINSON, JR., Appellant. [613 NYS2d 284] —Weiss, J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered January 23, 1992 in Albany County, upon a verdict convicting defendant of the crime of murder in the second degree.

On July 1, 1991 defendant entered the house from which he had been barred by a temporary order of protection with the acknowledged intent to inflict harm upon his estranged wife, Thelma Robinson. He had concealed his automobile and lay in wait for his wife's return from work, knowing that their adult children would not be home at that time. When his wife arrived, defendant assaulted and ultimately strangled her. Their son Desmond discovered defendant applying a choke hold on the victim who was lying on the floor. Desmond called the State Police, who discovered defendant hiding in a closet. After trial, defendant was found guilty of second degree murder by causing death by recklessly engaging in conduct creating a grave risk of death while under circumstances evincing a depraved indifference to human life (see, Penal Law § 125.25 [2]).

Defendant first contends on this appeal that the trial evidence was insufficient to establish circumstances evincing a depraved indifference to human life. He argues that by acquitting him of intentional murder, the jury accepted his testimony and therefore determined that he intended only to injure the victim and that his conduct did not rise to the level of depraved indifference to human life. We cannot accept defendant's premise. It was for the jury to make the qualitative judgment on whether defendant's conduct, though reckless, was equal in blameworthiness to intentional murder (see, People v Register, 60 NY2d 270, 274-275). The focus was on an objective assessment of the degree of risk presented by defendant's reckless conduct, not upon his subjective intent (see, supra, at 277). Viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found present the essential elements of the crime beyond a reasonable doubt (see, People v Roe, 74 NY2d 20, 23; People v Contes, 60 NY2d 620, 621). We find defendant's contentions under either the legal sufficiency or weight of the evidence analysis lacking in merit (see, People v Bleakley, 69 NY2d 490, 495).

Defendant next contends that Supreme Court erred in failing to sanction the prosecution for its delay in disclosing an item of physical evidence seized on the day of defendant's arrest. The item, a photocopy of the Family Court order of protection, was found in his car.[1] The prosecutor learned of the order during a conference with the State Police 3½ months after defendant served a disclosure demand and promptly informed defense counsel of the evidence. Inasmuch as the court's focus is primarily on the overriding need to eliminate prejudice to the defendant (see, People v Martinez, 71 NY2d 937, 940; People v Kelly, 62 NY2d 516), we find no error in the determination that the delay was not prejudicial and, at most, harmless error. Defendant was already aware of the order and received the notice with sufficient time to challenge its admissibility at a suppression hearing and to explore issues concerning its discovery within his automobile. We find no prejudice warranting either a sanction or suppression and, under the circumstances, hold that there was no abuse of discretion by Supreme Court (see, People v Martinez, supra).

Defendant next contends that the warrantless entry into and search of the house and his automobile were improper and that any evidence recovered be suppressed. We reject this argument and find that the emergency phone call to the State Police from the son who discovered the body, and the information that the perpetrator was still inside, clearly permitted the entry and search of the premises under the exigent circumstances doctrine (see, People v Knapp, 52 NY2d 689). Defendant was barred from the premises by a court order and had neither a legitimate expectation of privacy therein nor standing to challenge the police entry into the house (see, People v Ponder, 54 NY2d 160).

Defendant further challenges the constitutionality of the seizure of his automobile, discovered one quarter of a mile from the house hidden from view some 150 feet into woods. Because vehicles are readily mobile in nature and subject to governmental regulation, they enjoy a lessened expectation of privacy and require a much lower level of exigency to justify probable cause for a seizure and search (see, California v Carney, 471 US 386). The police had probable cause to believe

---

1. All parties were aware of the existence of the order and of defendant's knowledge thereof at the time of the crime. It was the seizure of a photocopy from within defendant's vehicle and the delayed disclosure of which defendant complains.

that the vehicle had been used in conjunction with the homicide and the exigencies of the investigation and location of the vehicle established a sufficient nexus with the crime *(see, People v Ready,* 61 NY2d 790, 793) to justify seizure.

The record supports Supreme Court's conclusion that the circumstances in the early stages of a homicide investigation together with the remote and hidden location of the automobile which was subject to tampering (or removal, theft or vandalism) by accomplices, friends, family members or strangers, and the danger of destruction of potential evidence including the vehicle itself, provided further justification for seizure *(see,* 3 LaFave, Search and Seizure § 7.2 [a], at 29-30; § 7.5 [a], at 127 [2d ed]). The subsequent search made as part of an impound inventory did not affect the validity of either the seizure or the search *(see, People v Blasich,* 73 NY2d 673, 681; *People v Milerson,* 51 NY2d 919, 921; *People v Dixon,* 130 AD2d 680, *lv denied* 70 NY2d 642; *People v Francine CC.,* 112 AD2d 531, 534).

Defendant erroneously contends that in the absence of a CPL 710.30 notice, it was error to permit the prosecutor on rebuttal to use the prior statements defendant made at the county jail concerning his mental status. The statute does not require such notice where the use is solely for rebuttal purposes *(see, People v Foster,* 182 AD2d 701, *lv denied* 80 NY2d 895; *People v Rudolph,* 134 AD2d 539, *lv denied* 71 NY2d 902; *see also, People v Lamour,* 189 AD2d 825, 826, *lv denied* 81 NY2d 973; *People v Conner,* 157 AD2d 739, *lv denied* 76 NY2d 732). Defendant also complains that he was not promptly provided with the report by the People's psychologist. CPL 250.10 (4) requires that a written report be promptly made, but the statute requires only that it be made available to both the District Attorney and defense counsel. Defendant has failed to establish a violation of CPL 250.10 (4).[2]

We find no merit to defendant's remaining arguments, including the excessiveness of his sentence, which in the absence of extraordinary circumstances or abuse of discretion we decline to modify.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.

---

2. Defendant also complains of the content of the report, but having failed to include it in the record has abandoned that issue.