■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS LEROY WHETHERS, Appellant. [623 NYS2d 267] —Application by the appellant for a writ of error coram nobis to vacate a decision and order of this Court, dated March 8, 1993 *(People v Whethers,* 191 AD2d 526), affirming a judgment of the Supreme Court, Nassau County, rendered September 14, 1989, on the ground of ineffective assistance of appellate counsel. By decision and order on motion of this Court, dated September 23, 1994, the appellant was granted leave to file a brief on the issue of whether he was deprived of his right to be present at a *Sandoval* hearing, and, in effect, the coram nobis application was held in abeyance in the interim.

Ordered that the application is denied.

The defendant has failed to establish that he was denied the effective assistance of appellate counsel *(see, Jones v Barnes,*

463 US 745). The defendant argues that appellate counsel should have contended that he was deprived of his right to be present at a material stage of the trial because the court conducted an in-chambers conference relevant to the *Sandoval* hearing in his absence. Although "the better practice would be to have the accused present during every colloquy relating to the *Sandoval* question" *(People v Favor,* 82 NY2d 254, 268), the defendant's absence from the conference did not prejudice him or affect his ability to defend himself at the trial *(People v Lamour,* 189 AD2d 825). The record demonstrates that a formal *Sandoval* hearing was conducted in which the court apprised the defendant that there had been a conference and informed him of those charges and convictions about which the prosecutor wished to inquire. The court then enumerated the specified charges and convictions and, prior to making its ruling, provided both sides with an opportunity to address the court. The court also permitted the defendant to confer with his attorney during the hearing. Thus, contrary to the defendant's contentions, he was clearly provided with a meaningful opportunity to participate in his *Sandoval* hearing and raise any objections he may have had with regard to any *Sandoval* issues *(see, People v Lamour,* 189 AD2d 825, *supra; cf., People v Favor,* 82 NY2d 254, 267, *supra).* The defendant's contention that he was denied the effective assistance of appellate counsel in connection with the *Sandoval* issue is, therefore, without merit. Mangano, P. J., Bracken, Ritter and Pizzuto, JJ., concur.