■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YOHANNAN YHEL, Appellant. [627 NYS2d 958] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered May 13, 1992, convicting him of robbery in the first degree (three counts), and burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was denied a fundamental right to be present during a material stage of the trial by his absence from an initial, off-the-record *Sandoval* conference *(see, People v Sandoval,* 34 NY2d 371). The defendant's failure to allege that he was absent from the *Sandoval* hearing which was held on the record, combined with his opportunity to object on the record prior to the final *Sandoval* ruling, cured any infirmity he may have suffered due to his absence from the off-the-record conference *(see, People v Michalek,* 82 NY2d 906; *see also, People v Spotford,* 85 NY2d 593).

In any event, the record does not support the defendant's contention that the prior conviction at issue here was ultimately considered in the court's subsequent on-the-record *Sandoval* "compromise". Thus, the defendant has failed to demonstrate that he was prejudiced by his absence from the off-the-record conference or that his ability to defend himself was in any way compromised. Therefore, his presence at the off-the-record conference would have been superfluous and his absence therefrom does not require a reversal *(see, People v Dokes,* 79 NY2d 656; *People v Lamour,* 189 AD2d 825; *People v Ray,* 184 AD2d 596).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review, without merit, or constitute harmless error in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). Bracken, J. P., Copertino, Krausman and Florio, JJ., concur.