■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HAILEY, Appellant. [633 NYS2d 563] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered June 5, 1990, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. By decision and order dated February 27, 1995, the appeal was held in abeyance and the matter was remitted to the Supreme Court, Kings County, to hear and report on the issue of whether the defendant was present at a *Sandoval* discussion conducted on May 10, 1990, and, if not, whether he was informed of the contents of the May 10, 1990, *Sandoval* discussion *(see, People v Hailey,* 212 AD2d 807). The Supreme Court has now filed its report.

Ordered that the judgment is affirmed.

The defendant was convicted, *inter alia,* of the attempted robbery and shotgun murder of a gypsy cab driver in Brooklyn. By decision and order of this Court dated February 27, 1995, a factual reconstruction hearing was ordered to determine whether the defendant was present for a *Sandoval* discussion

held on May 10, 1990. After a reconstruction hearing which was held on May 3, 1995, the hearing court determined that the record was inconclusive as to whether the defendant was present at the May 10, 1990, discussion. However, the court concluded that the May 10, 1990, discussion was neither an application for a *Sandoval* hearing, nor a hearing concerning *Sandoval* issues. Rather, the only true *Sandoval* hearing occurred in the defendant's presence the following day, May 11, 1990. Thus, the court concluded, the defendant was not deprived of his right to be present at all material stages of his trial and a new trial was not warranted. We now affirm the defendant's conviction.

The cornerstone of a defendant's right to be present at a *Sandoval* hearing is the opportunity for meaningful participation in the process *(see, People v Favor,* 82 NY2d 254; *People v Dokes,* 79 NY2d 656; *People v Parker,* 57 NY2d 136). Thus, the mere recitation of the "gist" of the court's *Sandoval* ruling in the defendant's presence is insufficient to cure his absence from the hearing *(People v Favor, supra,* at 267). However, although it is the preferable practice to conduct all discussions concerning *Sandoval* issues in the defendant's presence, the defendant's absence from a *Sandoval* discussion does not in all cases require reversal of an otherwise valid conviction. For example, in *People v Yhel* (215 AD2d 793), we held that the defendant's absence from a *Sandoval* discussion held off the record was cured by his presence at a subsequent *Sandoval* hearing held on the record at which he was given an opportunity to object to the court's ruling. Further, in *People v Whethers* (212 AD2d 820), we held that the defendant's absence from the *Sandoval* hearing did not constitute reversible error because: (1) the defendant was apprised of the discussions that had occurred in his absence; (2) he was informed of those charges about which the prosecutor wished to inquire; and (3) he was given an opportunity to address the court. Finally, in *People v Lamour* (189 AD2d 825), we held that the defendant's absence from the *Sandoval* hearing was cured when the court read the minutes of the hearing into the record in the defendant's presence and he was given an opportunity to consult with his attorney and raise any objections *(see also, People v Swift,* 213 AD2d 355 [defendant's absence from *Sandoval* hearing held off the record cured by his presence at hearing held on the record]).

Here, although we reject the reconstruction hearing court's characterization of the May 10, 1990, discussion as neither an application for a *Sandoval* hearing nor a hearing concerning

*Sandoval* issues, and believe that the only reasonable inference to be drawn from the record is that the defendant was absent from the May 10, 1990, discussion, we find that such an absence was cured by the *Sandoval* hearing held May 11, 1990, at which time the May 10, 1990, discussion was summarized, the court informed the defendant of the crimes about which the prosecutor was seeking to inquire, and the defendant was given an opportunity to comment before a *Sandoval* decision was rendered. Indeed, at the reconstruction hearing, the defendant's trial counsel characterized the court's May 11, 1990, summary of the May 10, 1990, discussions as fair, accurate, and lacking any material omission, and the defendant admitted that he recalled a discussion of his criminal history occurring on May 11, 1990. Thus, the *Sandoval* hearing held on May 11, 1990, afforded the defendant an opportunity for meaningful participation in the *Sandoval* determination and he was, therefore, not deprived of his right to be present at all material stages of his trial.

We have considered the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.