■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HAYES, Appellant. [633 NYS2d 565] —Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered March 5, 1993, convicting him of kidnapping in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Santagata, J.), of that branch of the defendant's omnibus motion which sought to suppress his statement to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, *Payton v New York* (445 US 573), is inapplicable to arrests made outside of his home in his yard *(see, People v Roe,* 73 NY2d 1004; *People v Keller,* 148 AD2d 958).

The defendant's contention that his statement was involuntary is without merit. Although the defendant was interviewed by police officers for as many as nine hours following his arrest, he was promptly read his *Miranda* rights, he was not subjected to continuous interrogation, and he was not denied sleep or food when requested, prior to obtaining his confession *(see, People v Jackson,* 178 AD2d 851).

The off-the-record pre-*Sandoval* conference before the defendant appeared in court did not require the defendant's pres-

ence. The record indicates that the defendant was given a meaningful opportunity to participate in the discussion of the *Sandoval* issues when he was later produced *(see, People v Hailey,* 221 AD2d 466; *People v Swift,* 213 AD2d 355; *People v Watson,* 205 AD2d 398).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Joy, J. P., Hart, Goldstein and Florio, JJ., concur.