■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SOTO, Appellant. [660 NYS2d 49] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered November 16, 1995, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In the early morning hours of October 5, 1994, the defendant was drinking heavily and playing cards with the victim in the victim's apartment in Brooklyn. Suddenly, the defendant accused the victim of stealing his wallet. When the victim denied the accusation, the defendant punched her in the face two or three times, knocked her down on the floor and then punched her again, four or five times. He then grabbed a sneaker, wrapped the shoelace around the victim's neck and dragged her from the kitchen to the bedroom, where he left her to die. Three days later, a firefighter responding to the report of an odor coming from the apartment, discovered the victim's partially-decomposed body. An autopsy performed the follow-

ing day revealed that the cause of death was ligature strangulation. Upon his arrest, the defendant signed a six-page confession and his statement to the police was videotaped. After the trial, the jury acquitted the defendant of intentional murder (*see,* Penal Law § 125.25 [1]) but convicted him of depraved indifference murder (*see,* Penal Law § 125.25 [2]).

Generally, the assessment of the objective circumstances evincing the actor's depraved indifference to human life is a qualitative judgment to be made by the trier of the facts (*see, People v Roe,* 74 NY2d 20, 25). The risks posed by the defendant's conduct in this case and his callous indifference to them entitled the jury to conclude that his conduct fell within the definition of depraved indifference murder (*see, People v Register,* 60 NY2d 270, 274-275, *cert denied* 466 US 953; *People v Gomez,* 65 NY2d 9, 12; *People v Robinson,* 205 AD2d 836). Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The sentence imposed was not excessive (*see, People v Suite,* 90 AD2d 80). Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.