■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS RIGO, Appellant. [709 NYS2d 571] —Appeal by the defendant from a judgment of the County Court, Nassau County (Orenstein, J.), rendered October 30, 1998, convicting him of robbery in the first degree and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant failed to preserve for appellate review his contention that the trial court erred in preventing him from questioning a defense witness about certain allegedly prior inconsistent statements made to and recorded by the codefendant's investigator (*see*, CPL 470.05). In any event, this contention is without merit (*see, People v Mejia*, 273 AD2d 256 [decided herewith]).

The defendant also contends that it was error to permit the People to use his prior statement, to the effect that he knew the police were going to arrest him, on cross-examination and again on rebuttal, where no notice of this statement had been provided pursuant to CPL 710.30. However, the statute does not require that such notice be provided where a statement

made by a defendant is used solely for the purpose of impeachment (*see, People v Rudolph,* 134 AD2d 539; *People v Foster,* 182 AD2d 701). Since the defendant, on cross-examination, denied that he had ever made any statements regarding his knowledge of the arrest, it was proper for the People to call as a rebuttal witness the officer to whom the statement was made (*see, People v Rudolph, supra; People v Foster, supra*). Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.