■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARVEY J. GUNTER, Appellant. [726 NYS2d 313] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him after a jury trial of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), sexual abuse in the first degree (Penal Law § 130.65 [1]), criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), menacing in the second degree (Penal Law § 120.14 [1]), and assault in the third degree (Penal Law § 120.00 [1]). Contrary to defendant's contentions, the evidence is legally sufficient to support the conviction of attempted rape in the first degree and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495-496). Defendant further contends that County Court erred in allowing the prosecutor to cross-examine him concerning a statement he made to an officer during the booking process. That contention is unpreserved for our review (*see,* CPL 470.05 [2]) and, in any event, is without merit. Although the court precluded the People from using the statement in their case-in-chief, the court nevertheless properly permitted the People to use the statement for impeachment purposes in the event that defendant testified (*see, People v Rigo,* 273 AD2d 258, 259, *lv denied* 95 NY2d 937). We agree with defendant, however, that the term of incarceration of 2 to 4 years imposed on the count of criminal possession of a weapon in the third degree is illegal (*see,* Penal Law § 70.00 [3] [b]). Consequently, we modify the judgment by reducing the sentence imposed on that count to a term of incarceration of 1⅓ to 4 years. (Appeal from Judgment of Onondaga County Court, Fahey, J.—Attempted Rape, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Lawton, JJ.