■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERIF ELKADY, Appellant. [731 NYS2d 472] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered June 8, 1998, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Finnegan, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to support his conviction of depraved indifference murder. We disagree. To determine whether a verdict is supported by legally sufficient evidence, the court must determine if, after "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (*People v Contes,* 60 NY2d 620, 621). Here, the evidence established that, in a state of rage, believing that his wife had cheated on him with a non-Muslim man, the defendant recklessly stabbed and slashed her, and left her to bleed to death on the floor. Under these circumstances, the jury had a reasonable basis to conclude that the defendant acted with wanton indifference to life or a "depravity of mind" (*see, People v Register,* 60 NY2d 270, 274, *cert denied* 466 US 953; *People v Soto,* 240 AD2d 768; *People v Dellemand,* 205 AD2d 551; *People v Longo,* 182 AD2d 1019).

During jury selection, the prosecutor objected to defense counsel's use of his peremptory challenges as being discrimina-

tory against white prospective jurors. When the defense counsel exercised a peremptory challenge against a woman whose son was a police officer, the prosecution asserted that the challenge was pretextual and the trial court disallowed it. In *People v Richie* (217 AD2d 84), this Court set forth several factors that should be considered in determining whether a facially-neutral explanation should be branded as pretextual. An application of the factors enumerated in *People v Richie (supra)* to the facts of this case supports the trial court's determination that the defendant's proffered explanation was pretextual.

The defendant has not preserved for appellate review his claim that the failure of the police to advise him, an Egyptian national, of his right to consular notification pursuant to the Vienna Convention on Consular Relations requires suppression of his post-arrest statements, as he did not raise this issue at the suppression hearing or trial (*see,* CPL 470.05 [2]; *People v Johnson,* 51 NY2d 986; *People v Udzinski,* 146 AD2d 245; *also see, United States v Ademaj,* 170 F3d 58, 67-68, *cert denied* 528 US 887). In any event, the defendant's claim is without merit. To the extent that the treaty does confer any individually enforceable rights, it is unquestionable that no remedy is required in the absence of a showing of prejudice (*see, Breard v Greene,* 523 US 371). In the instant case, the defendant has failed to demonstrate that he was prejudiced by the lack of notification.

The contentions raised by the defendant in his supplemental *pro se* brief are either unpreserved for appellate review or without merit. Krausman, J. P., S. Miller, Schmidt and Crane, JJ., concur.