■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH H. PAYNE, Appellant. [765 NYS2d 390] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullin, J.), rendered June 27, 2000, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after

a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The suppression court properly found that the defendant's statements to law enforcement officials were not the result of custodial interrogation and were admissible at trial (*see People v Huntley,* 15 NY2d 72 [1965]; *People v Davis,* 224 AD2d 541 [1996]; *People v Soto,* 183 AD2d 926 [1992]).

The trial court properly denied the defendant's request to instruct the jury on the defense of justification since the defendant went to the victim's house and, believing that the unarmed victim posed a threat to himself and members of his family, fired a single shot into his midsection with a hunting rifle (*see People v Collice,* 41 NY2d 906 [1977]; *People v Sutherland,* 221 AD2d 388 [1995]; *People v Perry,* 210 AD2d 437 [1994]; *People v Lee,* 185 AD2d 824 [1992]).

For a defendant to be convicted of depraved indifference murder, the evidence must show "recklessness plus aggravating circumstances" (*People v Register,* 60 NY2d 270, 278 [1983], *cert denied* 466 US 953 [1984]). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of depraved indifference murder beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Dupont,* 283 AD2d 587 [2001]; *People v Rammelkamp,* 167 AD2d 560 [1990]).

The defendant's remaining contentions are without merit. Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.