People v Boyce (2004 NY Slip Op 24047)

People v Boyce

2004 NY Slip Op 24047

February 23, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, May 19, 2004

[*1]
The People of the State of New York, Plaintiff,
v
Winston Boyce, Defendant.
Supreme Court, Kings County, February 23, 2004

APPEARANCES OF COUNSEL

Samuel Karliner and Jeff S. Adler, Brooklyn, for defendant. Charles J. Hynes, District Attorney, Brooklyn (Robert Lamb of counsel), for plaintiff.

{**2004 NYSlipOp at 267} OPINION OF THE COURT

Matthew D'Emic, J.
Defendant was indicted for the murder of his girlfriend Gracielle Goode. After trial, the jury acquitted him of intentional murder (Penal Law § 125.25 [1]) and convicted him of depraved indifference murder (Penal Law § 125.25 [2]). Defendant moved to dismiss the indictment at the close of evidence on the ground that the People failed to prove a prima facie case and the court reserved decision as to the depraved murder count. Defendant now also moves to vacate the conviction pursuant to Criminal Procedure Law § 330.30 (1), citing People v Hafeez (100 NY2d 253 [2003]), on the ground that there is no rational view of the evidence that supports a verdict other than intentional murder.

Findings of Fact

On their direct case, the People presented evidence from the medical examiner that the victim's death resulted from a single stab wound to the neck as well as strangulation and smothering. The expert posited that the stabbing occurred first because of the amount of blood present on her clothing, and that the other acts came later.
Statements from the defendant were also admitted into evidence. In essence, the defendant admitted his presence in the victim's apartment on the night of her death, and that an argument degenerated into a physical contest in which she squeezed his testicles and in which [*2]both were in various degrees of rage. He stated that she hit her head on the bed and he may have placed his hands on her neck. In any event, defendant admitted he left his girlfriend unconscious on the floor, in the very position her body was discovered. He never admits to stabbing or smothering Ms. Goode.
Defendant now contends the evidence supports a verdict of intentional murder only and that his conviction of depraved murder cannot stand.

Conclusions of Law

In recent decisions, the Court of Appeals has held that a verdict of murder by reckless depravity can only stand if there is "a valid line of reasoning that could support a jury's conclusion that defendant possessed the mental culpability required for depraved indifference murder" (People v Hafeez, supra at 259). In this regard the court's duty is to conduct "an examination of the record to determine whether there is any reasonable view of the evidence which would permit a jury rationally to acquit of intentional murder and convict of depraved indifference murder" (People v Sanchez, 98 NY2d 373, 385 [2002]).
It is interesting to note that in both People v Hafeez and People v Sanchez (supra) opposite conclusions were reached on the facts by the Court of Appeals. This evinces the High Court's recognition that each case involving the issue of whether the facts support a verdict of depraved murder stands on its own. In other words, the majority of the Court in People v Sanchez and People v Hafeez seek to amplify prior case law on this subject but do not reverse it.
This is important because it allows this court to rely on prior appellate decisions involving similar facts supporting a verdict of depraved indifference murder. For example, the Second Department has upheld such verdicts in cases when a husband stabbed and slashed his wife to death (People v Elkady, 287 AD2d 518 [2001]); where a boyfriend shot his girlfriend in the face at close range (People v Myers, 1 AD3d 532 [2003]); as well as where a victim was stabbed 21 times (People v Chapman, 268 AD2d 530 [2000]). Similar verdicts have been upheld by other appellate courts in cases involving brutal beatings to the head of an elderly woman (People v Stein, 306 AD2d 943 [2003]); close range shootings (People v Washington, 4 AD3d 546 [2004]; People v Payne, 309 AD2d 820 [2003]; People v Hall, 309 AD2d 511 [2003]; People v Salcedo, 304 AD2d 309 [2003]; People v Flowers, 289 AD2d 504 [2001]); strangulations by intimate partners (People v Elliott, 288 AD2d 907 [2001]; People v Soto, 240 AD2d 768 [1997]); and choking of family members (People v De Jac, 219 AD2d 102 [1996]; People v Robinson, 205 AD2d 836 [1994]).
Certainly, these appellate decisions affirming verdicts of depraved murder support that verdict in this case. Twelve jurors listened to the evidence. They were asked collectively to deliberate and weigh the evidence. They were told to come to one mind as to what happened. It is impossible for a court to know what evidence the jury accepted and discarded and what weight was given to which evidence. For example, if the jury accepted much of the defendant's statements and discounted some of the medical examiner's testimony, it could have reasoned that the defendant acted impulsively, and thus recklessly, ignoring the grave peril his actions posed. This view of the evidence could also have been supported by the intimate but tempestuous nature of the relationship between defendant and victim. In any event, the jury rationally could have determined that this defendant did not develop a conscious aim to cause death but just did not [*3]care if his actions caused death and that his lack of care was so malevolent as to support a verdict of murder. This is a factual issue for the jury to determine (People v Chapman; People v Robinson, supra), and this determination must be accorded great weight and left undisturbed unless clearly unsupported by the record (People v Gardner, 291 AD2d 456 [2002]).
In submitting both the intentional and depraved murder counts to the jury, this court concluded there was a reasonable view of the evidence to support both. For the reasons stated above, defendant's motion to dismiss the second count made after the entire case was presented is denied as is his motion to vacate his conviction. As the Second Department stated in People v Crawford (295 AD2d 361, 361-362 [2002]), " 'we are not free to vacate a conviction based on a finding of recklessness merely because we ourselves consider that a finding of intent would have been more plausible in light of the evidence' " (see also People v Washington, supra). The jury "could reasonably have concluded that defendant's conduct was either reckless and depraved, or intentional. The jury chose the former, and, as there is evidence in the record to support [i]t," it must be upheld (People v Sanchez, 98 NY2d 373, 386 [2002]).