Tanenbaum, J.,
concurring in part and dissenting in part and voting to reverse the judgment convicting defendant of driving while intoxicated and order a new trial with respect to said charge: Although concurring with the majority opinion in affirming the judgments convicting defendant of reckless driving and avoiding a traffic control device, and reversing the judgment convicting defendant of refusal to submit to a breath test, a dissent is required with respect to that portion of the opinion affirming the judgment convicting defendant of driving while intoxicated. The court below erred in admitting the statement made by defendant to the officer, after he stopped her vehicle, that she “had a few drinks, so what,” since this statement had been precluded on the ground that the People failed to provide notice of their intention to offer the statement at trial pursuant to CPL 710.30. Statements precluded from admission into evidence pursuant to CPL 710.30 may be used for the purpose of impeaching the testimony of a defendant during cross-examination (see People v Goodson, 57 NY2d 828 [1982]; People v Rigo, 273 AD2d 258 [2000]; People v Robinson, 205 AD2d 836 [1994]; People v Connor, 157 AD2d 739 [1990]), provided defendant’s direct testimony opened the door to its admission (see People v Rahming, 26 NY2d 411, 418 [1970]; People v Connor, 157 AD2d 739 [1990], supra). In this case, defendant’s direct testimony never opened the door for admission of such impeachment evidence.
The court’s initial Sandoval ruling permitted inquiry into defendant’s 1987 conviction of driving while intoxicated without limiting the People’s inquiry into the nature and facts surrounding said offense. The court thereby failed to balance the probative value of introducing evidence of the prior crime on the issue of credibility against its prejudicial effect (see People v Lewis, 31 AD3d 788 [2006]). However, before defendant testified, the court modified its ruling and limited the prosecution’s inquiry to whether defendant had previously been convicted of a crime. After the initial Sandoval ruling, extensive voir dire of the jury was conducted by defense counsel regarding the weight they would give the evidence if defendant had a prior conviction for the same offense. When defendant testified at trial, there was no testimony regarding the underlying facts or the nature of the prior conviction. Nevertheless, the jury was left with the distinct impression that defendant had been convicted of a similar DWI offense due to the inquiry conducted during voir dire resulting from the initial Sandoval ruling. The jury may have improperly considered said prior conviction as evidence of *85 defendant’s predisposition to commit the crime charged (see People v Bennette, 56 NY2d 142, 147 [1982]; People v Barrett, 189 AD2d 879 [1993]).
Neither of the foregoing errors was harmless in view of the less than overwhelming proof of guilt (see People v Crimmins, 36 NY2d 230, 237 [1975]). Consequently, a new trial should be ordered with respect to the charge of driving while intoxicated.
Rudolph, RJ., and McCabe, J., concur; Tanenbaum, J., concurs in part and dissents in part in a separate memorandum.