OPINION OF THE COURT
Frank J. LaBuda, J.
The defendant is charged in a multi-count indictment with operating a motor vehicle while under the influence of alcohol (refusal) in violation of Vehicle and Traffic Law § 1192 (3); *417 § 1193 (1) (c);[1] aggravated unlicensed operation of a motor vehicle in the first degree in violation of Vehicle and Traffic Law § 511 (3) (a) and failure to keep right in violation of Vehicle and Traffic Law § 1120 (a).
The prosecution at trial seeks to introduce evidence of the defendant’s refusal to take the alco-sensor field test.
Shortly before 2:00 a.m. on December 28, 1997 the defendant was observed by an officer of the Fallsburg Police Department operating his motor vehicle in an erratic manner by crossing the double yellow line and driving into the oncoming lane of traffic in the Hamlet of Loch Sheldrake, County of Sullivan. The defendant was stopped by the police officer and was observed and ultimately indicted for driving while under the influence of alcohol as shown by: an odor of alcohol, glassy eyes, slurred speech, impaired motor coordination, two failed field tests and the defendant’s refusal to take a chemical test. At the scene the officer administered three field tests to the defendant, that is, the walk and turn, the finger to nose and the five finger count. According to the testimony of the police officer, the defendant passed the finger to nose test but failed the walk and turn and five finger count.
At the scene the defendant admitted that he was driving home from AJ’s Bar in the Town of Fallsburg, but did not admit to drinking. After administering the two failed field tests the defendant was asked to take an alco-sensor test which the defendant refused. The defendant was given his Miranda and chemical warning rights and the defendant then refused the chemical tests on two occasions.[2] At the scene the defendant made further admissions that his license was revoked and that he was operating the motor vehicle because the passenger/ owner of the car was in an intoxicated condition.
The prosecution seeks to offer in their case-in-chief testimony of the two police officers regarding the defendant’s refusal to take the alco-sensor field test as evidence of the defendant’s state of mind going to the probative worth of the evidence of the chemical test refusal, pursuant to People v Thomas (46 NY2d 100) and Vehicle and Traffic Law § 1194 (2) (b).
The use of the defendant’s refusal to submit to a chemical test is clearly admissible and is not disputed in this case. More *418 over, use of the defendant’s refusal to submit to field coordination tests has been held admissible in New York (People v Powell, 95 AD2d 783 [2d Dept 1983]). However, the sole issue before this court at trial is to what extent is the defendant’s refusal to take the alcohol-sensor field screening test admissible.
The field test results of the alco-sensor are admissible at some pretrial proceedings. Alco-sensor test results are sufficiently reliable to establish probable cause for an arrest (see, Matter of Smith v Commissioner of Motor Vehicles, 103 AD2d 865) and may be used by the police to establish a basis to request a breathalyzer test (Vehicle and Traffic Law § 1194 [1] [a], [b]). The pretrial and legal issues for which alco-sensor test results and the refusal to take an alco-sensor test are admissible do not render them admissible for all purposes.
The results of the alco-sensor test are clearly not admissible in New York to show intoxication because of its lack of scientific reliability (People v Thomas, 121 AD2d 73 [4th Dept 1986]). It is only when the legality of such chemical test or an arrest is challenged that the People have the burden “to come forward with evidence” of probable cause. That “evidence” may include the alco-sensor results. These legal issues of probable cause and suppression are irrelevant to the issues before the jury. Since the results of the alco-sensor field test are not admissible to prove intoxication at trial, the refusal to take that field test must also be inadmissible. The other field test and observations involving motor coordination and balance are clearly admissible at trial as relevant evidence to prove intoxication {People v Powell, supra). Thus, to allow the jury to hear the evidence of an alco-sensor test refusal would in effect make admissible that evidence which is clearly inadmissible.
Accordingly, the People’s application to allow the police officers’ testimony regarding the defendant’s refusal to take the alco-sensor field test in their case-in-chief is denied.

. The defendant has two previous convictions for felony driving while intoxicated.

. In the instant case, the defendant repeatedly said to the police officers in response to the chemical warnings, “I ain’t taking an f * * * * * * test”, in an agitated and combative manner.