OPINION OF THE COURT
Memorandum.
Judgment convicting defendant of refusal to submit to a breath test reversed on the law and as a matter of discretion in the interest of justice, sentence imposed thereunder vacated and accusatory instrument dismissed.
*82 Judgments convicting defendant of driving while intoxicated, reckless driving and avoiding a traffic control device affirmed.
After a Huntley hearing, the People were precluded from introducing defendant’s statement to Police Officer Halpin that she “had a few drinks, so what” at trial. On appeal, defendant contends that it was error for the trial court to allow cross-examination of defendant regarding said statement and rebuttal evidence concerning said statement. Contrary to defendant’s contention, while oral statements which have been suppressed pursuant to CPL 710.30 may not be used as evidence-in-chief, they may be used for the purpose of impeaching the testimony of a defendant during cross-examination and on rebuttal (People v Goodson, 57 NY2d 828 [1982]; People v Rigo, 273 AD2d 258 [2000]; People v Robinson, 205 AD2d 836 [1994]; People v Connor, 157 AD2d 739 [1990]). After defendant denied drinking alcohol, the court below properly allowed defendant to be cross-examined as to whether she made the aforementioned statement to Officer Halpin for the purpose of impeaching her credibility (People v Wise, 46 NY2d 321, 326 [1978]). Moreover, we find no error in the introduction of the rebuttal testimony of Officer Halpin, after defendant denied making the statement that she “had a few drinks,” since it was not extrinsic evidence relating to a collateral matter, and it was used to impeach defendant’s credibility (see People v Alvino, 71 NY2d 233, 248 [1987]).
Contrary to defendant’s contention, the court properly declined to suppress the evidence of defendant’s refusal to submit to the breath test, since there was ample evidence before the court to support the conclusion that defendant was given clear and unequivocal warning of the effect of her refusal to submit to said test. Moreover, defendant’s response, that she “ain’t doing shit,” and her refusal to sign or initial the alcohol drug influence report indicating her refusal to submit to the test, demonstrated that she persisted in her refusal within the ambit of the statute (see Vehicle and Traffic Law § 1194 [2] [f]; Matter of Geary v Commissioner of Motor Vehs. of State of N.Y., 92 AD2d 38, 41 [1983]; People v Strachan, NYLJ, Mar. 18, 1994, at 28, col 1 [App Term, 2d & 11th Jud Dists]).
Defendant further contends that the evidence was legally insufficient to establish guilt beyond a reasonable doubt on the ground that there was an ambiguity in Officer Halpin’s testimony at the hearing and at trial. However, said contention *83 was not preserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]). In any event, the issue presented is one of credibility and the resolution thereof is primarily to be decided by the trier of fact, which had the opportunity to see and hear the witnesses (People v Gaimari, 176 NY 84, 94 [1903]). The determination of the trier of fact is to be accorded great weight on appeal, and should not be disturbed unless clearly unsupported by the record (People v Garafolo, 44 AD2d 86, 88 [1974]). We note further, that while Officer Fitzsimmons could not identify defendant in court, the arresting officer identified defendant at trial. In addition, defendant’s own testimony placed her at the scene.
Defendant contends that the prior conviction was similar in nature to the instant charge of driving while intoxicated and, thus, warranted preclusion at the Sandoval hearing. However, in our opinion, the court below clearly struck an appropriate balance between the probative value of defendant’s prior crime on the issue of her credibility and the possible prejudice to her (see People v Hayes, 97 NY2d 203, 207 [2002]). The prior offense was probative of the defendant’s willingness to place her interests above those of society (see People v Duffy, 36 NY2d 258, 262 [1975], cert denied 423 US 861 [1975]; People v Turner, 239 AD2d 447, 448 [1997]). Furthermore, by precluding the prosecutor from eliciting the underlying facts of the defendant’s conviction and the nature of the prior offense, the court avoided any undue prejudice to her (see People v Mack, 6 AD3d 551 [2004]; People v Conway, 274 AD2d 663 [2000]; People v Ricks, 135 AD2d 844, 845 [1987]). Finally, the fact that defendant’s prior conviction was more than 18 years old did not, in and of itself, require preclusion of that conviction for impeachment purposes (see People v Springer, 13 AD3d 657, 658 [2004]; People v Turner, 239 AD2d at 448; People v Carrasquillo, 204 AD2d 735 [1994]; People v Ricks, 135 AD2d at 845).
We note that defendant was also convicted of “refusal to submit to a breath test.” Though the accusatory instrument refers to Vehicle and Traffic Law § 1194 (3), that statute neither compels a person who is arrested for driving while intoxicated to submit to a “breath test,” nor deems the failure to do so to be a criminal offense. Therefore, the judgment convicting defendant of refusal to take a breath test must be reversed, and the sentence imposed thereunder vacated.