OPINION OF THE COURT
Andrew M. Engel, J.
The defendant is charged with two counts of driving while intoxicated, aggravated driving while intoxicated, two counts of reckless driving, refusing to take a breath test, leaving the scene of an incident involving property damage without reporting same, driving in excess of maximum speed limit, failure to comply with a lawful order, two counts of passing a red signal, two counts of driving on the shoulder, failing to yield the right of way to an emergency vehicle, two counts of making an improper and unsafe turn and throwing refuse onto the highway, all in violation of Vehicle and Traffic Law §§ 1192 (2), (3), (2-a), 1212, 1194 (1) (b), 600 (1) (a), 1180 (d), 1102, 1111 (d) (1), 1131, 1144 (a), 1163 (a) and 1220 (a), respectively.
The defendant now moves for an order (1) dismissing the charges of refusing to take a breath test, reckless driving, and driving on the shoulder, pursuant to CPL 170.30, 170.35, 100.15 and 100.40; (2) directing that a hearing be held pursuant to People v Ingle (36 NY2d 413 [1975]); (3) directing that a hearing be held pursuant to Dunaway v New York (442 US 200 [1979]) and Mapp v Ohio (367 US 643 [1961]); (4) directing that a hearing be held pursuant to People v Huntley (15 NY2d 72 [1965]); (5) suppressing the results of a chemical test of her breath pursuant to Vehicle and Traffic Law § 1194, or directing that a hearing be held on the related issues prior to trial; (6) directing the People to disclose any uncharged acts that will be used at trial to impeach the defendant, should she testify at trial, and that a hearing pursuant to People v Sandoval (34 NY2d 371 [1974]) and People v Molineux (168 NY 264 [1901]) be held; and (7) reserving the defendant’s right to make further motions.
The People consent to the dismissal of the two counts of driving on the shoulder and to the court directing that a Mapp/ *718 Huntley /Dunaway hearing be held. They also consent to a Sandoval/Molineux hearing being held immediately before the commencement of trial. The People take no position on that branch of the defendant’s motion which seeks an order dismissing the charge of refusing to take a breath test, and oppose the defendant’s motion in all other respects.
The Accusatory Instruments
The charges of refusing to take a breath test and reckless driving are lodged against the defendant by way of simplified traffic informations, accompanied by the supporting deposition of Police Officer Daniel C. Fliedner, subscribed and attested to on January 8, 2012, which alleges, in pertinent part, that on January 7, 2012, at approximately 9:10 p.m., Officer Fliedner
“was finishing a CB call for motor vehicle accident at Piándome Road and Dennis St in Manhasset at which time [he] witnessed a Black Honda SUV with a female driver collide with a 2007 Honda sedan NYR-FAW 1868. This vehicle made no attempt to stop and then proceeded to accelerate passing [him] in the roadway disregarding [his] directions to pull over. [He] then got into [his] RMP and activated the lights and sirens to attempt to stop this vehicle. The defendant, driving a Black Honda CRV NYR-FDM 6461, then headed South bound on Piándome Rd and proceeded West on 25a disobeying a red TSL. As [he] followed the defendant with emergency lights and sirens she approached intersection of 25A and , Community Dr. with medium traffic still making no attempts to stop. She stopped behind two cars at the Red TSL in the Left Lane. As [he] exited [his] RMP and approached the defendants [sic] vehicle, she then accelerated away from [him] and into oncoming traffic disobeying a red TSL. She proceeded South on Community Dr and swerved two times into the North bound lanes crossing the middle divider. The defendant was driving at an estimated speed of 60 MPH, the posted speed limit for Community Dr is 40MPH. While S/B on Community Dr the defendant threw an item from the drivers [sic] window which appeared to be a small plastic bag. The defendant continued the rate of speed and was recklessly driving as she approached the North service rd [sic] of the LIE at which time the TSL was red and both S/B lanes had one car in *719 each lane blocking the intersection. The defendant then collided into the rear of a 2009 Tan Toyota RAV 4, NYR-ENK 9075 in the S/B left lane. [He] parked [his] RMP blocking the defendants [sic] car and approached the drivers [sic] side door ordering the defendant to exit the vehicle at which time she did not comply after several commands. . . . The Defendant, now known to [him] as Natalie Leontiev, . . . refused a PBT at scene from PO Palazzo.”
These accusatory instruments will be found facially sufficient if “as provided by subdivision one of section 100.25, [they] substantially conform[ ] to the requirement therefor prescribed by or pursuant to law” (see CPL 100.40 [2]), and the supporting deposition “contain[s] allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged.” (CPL 100.25 [2]; see People v Key, 45 NY2d 111 [1978]; People v Hohmeyer, 70 NY2d 41 [1987]; People v Titus, 178 Misc 2d 687 [App Term, 2d Dept 1998]; People v Chittaranjans, 185 Misc 2d 871 [Dist Ct, Nassau County 2000].)
“ ‘Reasonable cause to believe that a person has committed an offense’ exists when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it.” (CPL 70.10 [2].)
Vehicle and Traffic Law § 1194 (1) (b) Refusing to Take a Breath Test
Vehicle and Traffic Law § 1194 (1) (b) provides:
“Every person operating a motor vehicle which has been involved in an accident or which is operated in violation of any of the provisions of this chapter shall, at the request of a police officer, submit to a breath test[1] to be administered by the police officer. If such test indicates that such operator has con *720 sumed alcohol, the police officer may request such operator to submit to a chemical test in the manner set forth in subdivision two of this section.”
Relying on People v Salerno (36 Misc 3d 151 [A], 2012 NY Slip Op 51699[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]) the defendant argues that the charge of refusing to take a breath test, in violation of Vehicle and Traffic Law § 1194 (1) (b), “is not a legally cognizable charge” (Christiansen affirmation, Apr. 27, 2012, 1i 19) and should be dismissed. The defendant’s reliance on Salerno (id.) is misplaced.
While the court in Salerno did “note that Vehicle and Traffic Law § 1194 (1) (b) does not make out a cognizable offense” (2012 NY Slip Op 51699[U], *2, citing People v Clancy, 20 Misc 3d 131[A], 2008 NY Slip Op 51432[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008], Iv denied 11 NY3d 923 [2009], and People v Ashley, 15 Misc 3d 80 [App Term, 2d Dept, 9th & 10th Jud Dists 2007], Iv denied 9 NY3d 863 [2007]), as will be discussed at length below, neither the cases relied upon by the Salerno court, nor the prior decisions of the Appellate Term, 9th and 10th Judicial Districts and the Court of Appeals, support such a finding.
Neither People v Clancy nor People v Ashley, upon which the Appellate Term relied in Salerno, addressed a defendant who refused to submit to a preliminary or portable breath test (PBT) at the request of a police officer pursuant to Vehicle and Traffic Law § 1194 (1) (b). In each of those cases, the convictions for “refusal to take a breath test” were reversed because the instruments charging such offense referred to Vehicle and Traffic Law § 1194 (3); and, the Appellate Term correctly noted that “that statute neither compels a person who is arrested for driving while intoxicated to submit to a ‘breath test,’ nor deems the failure to do so to be a criminal offense.” (People v Ashley at 83; People v Clancy.) Indeed, that statute, Vehicle and Traffic Law § 1194 (3), addresses court ordered chemical tests, which may be conducted only
“(b) . . . [u]pon refusal by any person to submit to a chemical test or any portion thereof as described *721 above [(see Vehicle and Traffic Law § 1194 [2])] . . . [and] upon a finding of reasonable cause to believe that . . .
“(1) such person was the operator of a motor vehicle and in the course of such operation a person other than the operator was killed or suffered serious physical injury as defined in section 10.00 of the penal law; and
“(2) a. either such person operated the vehicle in violation of any subdivision of section eleven hundred ninety-two of this article, or “b. a breath test administered by a police officer in accordance with paragraph (b) of subdivision one of this section indicates that alcohol has been consumed by such person; and
“(3) such person has been placed under lawful arrest; and
“(4) such person has refused to submit to a chemical test or any portion thereof, requested in accordance with the provisions of paragraph (a) of subdivision two of this section or is unable to give consent to such a test.”
As can be seen, among the statutory predicates to obtaining a court order directing a defendant to submit to a chemical test are either a refusal to submit to a test in accordance with a request made pursuant to Vehicle and Traffic Law § 1194 (2) or the conducting of a PBT requested pursuant to Vehicle and Traffic Law § 1194 (1) (b).
In the event of a refusal to submit to a chemical test requested pursuant to Vehicle and Traffic Law § 1194 (2), assuming a defendant has been properly advised of the consequences of that refusal, a defendant’s license shall be temporarily suspended (see Vehicle and Traffic Law § 1194 [2] [b] [3]), and following a hearing conducted by the Department of Motor Vehicles may be immediately revoked (see Vehicle and Traffic Law § 1194 [2] [c]), and not restored for at least one year after such revocation. (See Vehicle and Traffic Law § 1194 [2] [d] [1] [a].) Additionally, if the defendant’s license is so revoked, he or she “shall also be liable for a civil penalty in the amount of [at least] five hundred dollars.” (See Vehicle and Traffic Law § 1194 [2] [d] [2].) In addition thereto, upon a defendant’s refusal to submit to a chemical test in accordance with Vehicle and Traffic Law § 1194 (2), and by extension Vehicle and Traffic Law § 1194 (3), “[evidence of a refusal to submit to such chemical test or any portion *722 thereof shall be admissible in any trial, proceeding or hearing . . . (See § 1194 [2] [f].) Clearly, while a refusal to submit to a chemical breath test requested pursuant to Vehicle and Traffic Law § 1194 (2) and (3) is not a cognizable offense, the legislature delineated numerous sanctions which follow and are imposed.
In contrast, if the defendant is correct, the mandatory language in the statute notwithstanding, there would be absolutely no sanction for a defendant who refuses a lawful request of a police officer to submit to a PBT in accordance with Vehicle and Traffic Law § 1194 (1) (b). All defendants requested to take a lawful preliminary or portable breath test could simply refuse same, without fear of sanction of any kind, i.e., no license suspension, no license revocation, no civil penalty and no introduction into evidence of his or her refusal. (People v Ottino, 178 Misc 2d 416 [Sullivan County Ct 1998].) Such an interpretation would effectively write out of Vehicle and Traffic Law § 1194 (2) and (3) a positive field test as a predicate for a chemical test of a defendant’s breath, blood, urine or saliva, as provided by the legislature, and would remove from the police a tool for investigating accidents and/or vehicle and traffic infractions, as intended by the legislature.
What the defendant and the Salerno court overlook are the provisions of Vehicle and Traffic Law §§ 1101 and 1800 (a). The former section provides, in pertinent part, “It is unlawful and, unless otherwise declared in this title with respect to particular offenses, it is a traffic infraction for any person to . . . fail to perform any act required in this title.” The latter section similarly provides, in pertinent part, “It is a traffic infraction for any person to violate any of the provisions of this chapter . . . unless such violation is by this chapter or other law of this state declared to be a misdemeanor or a felony.” These are the sections which unequivocally render the defendant’s refusal to submit to a PBT a cognizable offense; more particularly, a traffic infraction. As noted in People v Steves (117 Misc 2d 841, 842 [Webster Just Ct 1983]):
“[S]ection 1800 of the Vehicle and Traffic Law states that it is a traffic infraction (unless a misdemeanor is specified) for any person to violate any of the provisions of the Vehicle and Traffic Law. The court finds that this is a proper exercise of legislative authority and the provisions of section 1800 are incorporated into section 1193-a[,] [the predecessor to section 1194 (1) (b)]. The two sections together *723 describe the offense and punishment.” (See also People v Hamza, 109 Misc 2d 1055 [Gates Just Ct 1981];[2] People v Graser, 90 Misc 2d 219 [Amherst Just Ct 1977]).
While, as the foregoing discussion demonstrates, this court is mindful of the decision in People v Salerno, this court is also well aware of prior decisions of the same Appellate Term, in People v Graziano (19 Misc 3d 133[A], 2008 NY Slip Op 50692[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2008], Iv denied 10 NY3d 934 [2008]), and of the Court of Appeals, in People v Cunningham (95 NY2d 909 [2000]), which unequivocally recognize the failure to submit to a lawful request for a preliminary or portable breath test pursuant to Vehicle and Traffic Law § 1194 (1) (b) to be a cognizable offense. For all of the reasons discussed hereinabove, this court shall continue to rely on those precedents.
Vehicle and Traffic Law § 1212 Reckless Driving
Vehicle and Traffic Law § 1212 provides, in pertinent part, “Reckless driving shall mean driving . . . in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway. Reckless driving is prohibited.” “Reckless driving, therefore, standing by itself means the running or operation of an automobile under such circumstances as to show a reckless disregard of the consequences.” (People v Grogan, 260 NY 138, 144 [1932].) “Although ‘unreasonableness’ is a necessary constituent of the crime, . . . sufficient facts from which the characterization may be inferred that defendant’s operation of this automobile ‘unreasonably’ interfered with the free and proper use of the highway, and ‘unreasonably’ endangered users thereof’ will sustain the sufficiency of the accusatory instrument. (People v Armlin, 6 NY2d 231, 232 [1959].)
The defendant argues that the simplified traffic information charging her with reckless driving must be dismissed, alleging “the supporting deposition fails to say what constituted the reckless driving.” (Christiansen affirmation, Apr. 27, 2012, H 17.) The defendant further argues that because “there are two counts of Vehicle and Traffic Law § 1212 charged, one charge *724 must be dismissed as duplicative as the allegations are part of one series of events.” (Christiansen affirmation, Apr. 27, 2012, If 17.)
The People, in opposition, argue that the defendant’s alleged “speed, combined with other aggravating factors can demonstrate that the defendant unreasonably [interfered] with the free and proper use of the public highway and unreasonably endangered the users thereof, sufficient to constitute the crime of reckless driving.” (Tominovic affirmation, Sept. 24, 2012, 1i 5.) The People further argue that the two counts of reckless driving are not duplicative, as “the defendant’s actions happened at different times and different locations . . . .” (Tominovic affirmation, Sept. 24, 2012, 1Í 6.)
Contrary to the defendant’s argument that, at best, only a single act of reckless driving is alleged, the court finds that Officer Fliedner’s supporting deposition sets forth two distinct alleged incidents of reckless driving. As alleged, the first begins at Piándome Road and Dennis Street and ends at the intersection of Route 25A and Community Drive, where it is alleged the defendant brought her vehicle to a complete stop at a red light behind two vehicles. The second commenced at that intersection and continued until the defendant allegedly collided with a vehicle stopped at a red light on Community Drive approaching the north service road of the Long Island Expressway.
The court finds that the allegations found in Officer Fliedner’s supporting deposition to the effect that the defendant collided with another vehicle, made no attempt to stop, accelerated past the officer, ignoring his direction to stop, passed a steady red light, and failed to stop in response to the officer’s lights and siren while traveling through medium traffic amply support the first count of reckless driving.
The court further finds that following her alleged stop behind two vehicles at a red light, the defendant’s alleged conduct of accelerating into traffic through a steady red light as the officer approached her vehicle, swerving twice into the opposing lanes of traffic on Community Drive, driving at a speed of 60 miles per hour in a 40-mile-per-hour zone, passing another steady red light and colliding into the rear of another vehicle supports the second count of reckless driving.
Ingle/Dunaway/Mapp/Huntley Hearings
As indicated, the People consent to the court conducting a Dunaway/Mapp/Huntley hearing. As for the defendant’s request *725 for an Ingle hearing, the People having consented to, and the court herein ordering, a Dunaway /Mapp /Huntley hearing “grounded in the same facts involving the same police witnesses, the court . . . deem[s] it appropriate in the exercise of discretion to consider the [Ingle] motion . . . (People v Mendoza, 82 NY2d 415, 429 [1993].)
Chemical Test Pursuant to Vehicle and Traffic Law § 1194
Other than alleging that the results of the chemical test are the “fruits of the illegal police conduct” (Christiansen affirmation, Apr. 27, 2012, If III17), the defendant raises no ground for the suppression of, or a hearing concerning, the chemical test of the defendant’s breath. Accordingly, the defendant’s application to suppress the results of the chemical test shall be heard in the context of the Dunaway /Mapp /Huntley /Ingle hearing and the court shall not entertain any other issues relating to the chemical test of the defendant’s breath at that hearing.

Sandoval/Molineux

The defendant requests, and the People consent to, the disclosure of the defendant’s past criminal history and/or prior bad or immoral acts which the People intend to use at trial and a pretrial hearing pursuant to People v Sandoval and People v Molineux. This hearing shall be held immediately before the commencement of trial.
Future Motions
The defendant’s reservation of her right to make further motions is unauthorized. (See CPL 255.20 [3].) Any future motions will be determined on an individual basis, based upon the timeliness and merits thereof.
Conclusions
Based upon all of the foregoing, the defendant’s motion is decided as follows:
1. that branch of the defendant’s motion seeking an order dismissing the charge of refusing to take a breath test is denied;
2. that branch of the defendant’s motion seeking an order dismissing both counts of reckless driving is denied;
3. that branch of the defendant’s motion seeking an order dismissing both counts of driving on the shoulder is granted;
4. that branch of the defendant’s motion seeking an order directing that a Dunaway/Mapp/Huntley/Ingle hearing be held *726 is granted; the date for such hearing will be selected on the next conference date;
5. that branch of the defendant’s motion seeking an order suppressing the results of a chemical test of her breath pursuant to Vehicle and Traffic Law § 1194, or directing that a hearing be held on the related issues prior to trial, is granted to the extent of ordering that such issue will be included in the Dunaway/Mapp/Huntley/Ingle hearing and shall be limited to the issue of whether or not the breath test was the fruit of an unlawful arrest;
6. that branch of the defendant’s motion seeking an order directing the People to disclose any uncharged acts that will be used at trial to impeach the defendant, should she testify at trial, and that a hearing pursuant to People v Sandoval and People v Molineux be held, is granted to the extent of directing that such hearings shall be conducted immediately before the commencement of trial; and
7. that branch of the defendant’s motion seeking an order reserving the defendant’s time to make further motions is denied.

. “This breath test, sometimes called a screening test, involves a portable machine which is used by the police on the road to determine whether there is alcohol present in the motorist being *720 tested. This screening or breath test machine is used as a pass/ fail test and is basically reliable for the determination of some presence of alcohol in a person’s blood but not the actual percentage or concentration.” (Carrieri, Practice Commentaries, McKinney’s Cons Laws of NY, Book 62A, Vehicle and Traffic Law § 1194 at 337 [2011].)

. While the court in Hamza found then Vehicle and Traffic Law § 1193-a to be unconstitutional, violating the Fifth Amendment proscription against self-incrimination, that view was found to be without merit in People v Brockum (88 AD2d 697 [3d Dept 1982]).