People v Merritt (2024 NY Slip Op 51351(U))

[*1]

People v Merritt

2024 NY Slip Op 51351(U)

Decided on September 30, 2024

District Court Of Nassau County, First District

Montesano, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 30, 2024
District Court of Nassau County, First District

The People of the State of New York,

against
Umar Merritt, Defendant(s).

Index No. CR-006562-24/NA

Hon. Anne Donnelly, District Attorney
Scott A. Banks, Attorney-in-Chief, Legal Aid Society

Michael A. Montesano, J.

The following named papers numbered 1-2
Submitted on this motion dated September 13, 2024
Papers Considered:
Notice of Omnibus Motion 1
Affirmation and Memorandum of Law in Opposition to Defendant's Motion 2
Affirmation in Reply to the Prosecution's Opposition to Defendant's Motion to Dismiss 3
Defendant is charged, by way of seven (7) simplified traffic informations, with Reckless Driving (Vehicle and Traffic Law "VTL" §1212); Aggravated Unlicensed Operation in the Third Degree (VTL §511[1][a]); Driving at a Speed Not Reasonable and Prudent (VTL § 1180[a]); two (2) counts of Disobeyed Traffic Control Device (VTL §1110[a]); and two (2) counts of Unlicensed Operator (VTL §509[1]). Defendant is also charged by way of Information with Unlawful Fleeing a Police Officer in a Motor Vehicle in the Third Degree (Penal Law § 270.25); Criminal Possession of a Controlled Substance in the Seventh Degree (Penal Law §220.03); Obstructing Governmental Administration in the Second Degree (Penal Law §195.05); and Resisting Arrest (Penal Law §205.30). The charges stem from his alleged operation of a motor vehicle on April 10, 2024, at approximately 9:53 p.m. at Washington Avenue and Willet Pl in Roosevelt, Nassau County, New York.
Defense counsel moves for an order: pursuant to Criminal Procedure Law (CPL) §§170.30, 170.35, 100.15 and 100.40 dismissing six (6) charges, specifically VTL 1110(a), 1212 and Penal Law §§270.25, 195.05, 205.30, and 220.03 on sufficiency grounds; for an order deeming the People's Certificate of Compliance (hereinafter "COC") and Statement of Readiness (hereinafter "SOR") invalid pursuant to CPL 245.20, 245.50, as they allege there is outstanding discovery; pursuant to CPL 30.30(5) and 30.30(5-a) deeming the People's Statement of Readiness (hereinafter "SOR") invalid; and upon speedy trial grounds pursuant to CPL 30.30. Defendant also moves for suppression, or alternatively, for Mapp/Dunaway/Huntley hearings. Additionally, defendant seeks preclusion of first time in-court identification pursuant to People [*2]v Perdue, 41 NY3d at 247 (2023), or alternatively, that an alternate pre-trial identification procedure be conducted. Defense counsel requests a pre-trial Sandoval/Molineux hearing. Lastly, defendant seeks to reserve his right to make further motions. The People filed opposition. Defense counsel filed a reply. The motion is determined as provided herein.
As an initial matter, the People concede in their opposition that second count of VTL 1110(a) is facially insufficient (Memo of Law in Opposition, ¶7). Therefore, count 5, charging defendant with a violation of VTL 1110(a) is hereby dismissed.
When evaluating a simplified traffic information, the court must utilize the standard set forth in CPL 100.25(1). A simplified traffic information is sufficient on its face if it is substantially in the form required by the Commissioner of Motor Vehicles (CPL 100.25[1], 100.40[2]; see also People v Nuccio, 78 NY2d 102 [1991]). Where, however, the People provide a supporting deposition either voluntarily or pursuant to defendant's timely request, the court must then determine whether the deposition establishes reasonable cause to believe that defendant committed the charged offense (see People v Key, 45 NY2d 111, 116 [1978]; CPL 100.25[2]). A supporting deposition provided in connection with a simplified traffic information can be based upon hearsay or non-hearsay so long as it provides reasonable cause to believe that defendant committed the charged offenses, as provided by CPL 100.20, 100.25[2] (see People v Derojas, 180 Misc 2d 690 [App Term, 2d Dept 1999]).
Pursuant to CPL 70.10(2), "reasonable cause to believe that a person committed an offense" exists:
"when evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it."
Section 1212 of the Vehicle and Traffic Law provides, in pertinent part, "[r]eckless driving shall mean driving or using any motor vehicle...in a manner which unreasonably interferes with the free and proper use of the public highway, or unreasonably endangers users of the public highway."
"Reckless driving...standing by itself means the running or operation of an automobile under such circumstances as to show a reckless disregard of the consequences" (People v Leontiev, 38 Misc 3d 716, 723 [Nassau Dist Ct 2012] citing People v Grogan, 260 NY 138, [1932]). "Although 'unreasonableness' is a necessary constituent of the crime . . . sufficient facts from which the characterization may be inferred that defendant's operation . . .'unreasonably' interfered with the free and proper use of the highway, and 'unreasonably endangered users thereof" will sustain the sufficiency of the accusatory instrument" (id. citing People v Armlin, 6 NY2d 231, 232 [1959]).
Here, the People voluntarily provide a supporting deposition for the reckless driving charge. It alleges that the deponent officer directly observed defendant operating the subject vehicle, and defendant:
"FAILED TO COME TO A COMPLETE STOP AT A STOP SIGN...MOTORIST FLED FROM THE TRAFFIC STOP....TRAVELING AT A HIGH RATE OF SPEED ON [*3]RESIDENTIAL STREETS, IGNORING MULTIPLE TRAFFIC CONTROL DEVICES, INTERFERING WITH THE FREE AND PROPER USE OF PUBLIC ROADS AND ENDANGERING USERS OF THE PUBLIC ROADWAYS."
In the case at bar, defense counsel argues that the supporting deposition for the simplified traffic information fails to establish certain elements of VTL 1212 through non-hearsay allegations. Defendant contends that the supporting deposition "does not lay out any non-hearsay, non-conclusory facts" to establish the elements of VTL 1212 (Affirmation in Support of Defendant's Motion to Dismiss, ¶ 32). In opposition, the People assert that this charge is facially sufficient. 
Defense counsel also moves for dismissal of the informations which charge defendant with violating unlawful fleeing a police officer in a motor vehicle, obstructing governmental administration in the second degree, resisting arrest, and criminal possession of a controlled substance in the seventh degree on sufficiency grounds. 
Here, defendant was charged by way of a simplified traffic information and not an information and thus, defense counsel's reliance upon CPL 100.15 is misplaced. Upon review, the court finds that the simplified traffic information is in the form proscribed by the Commissioner of Motor Vehicles. The supporting deposition provides reasonable cause to believe that the defendant committed the offense charged. Accordingly, defendant's motion to dismiss the VTL 1212 on sufficiency grounds is denied.
An information is sufficient on its face when it (1) substantially conforms to the requirements of CPL 100.15; (2) sets forth allegations which "provide reasonable cause to believe that the Defendant committed the offense charged; "and (3) contains non-hearsay allegations which "establish, if true, every element of the offense charged and the Defendant's commission thereof" (CPL 100.40[1]; People v Alejandro, 70 NY2d 133 [1987]). 
On a motion to dismiss for facial insufficiency, the court's review is limited to whether or not the People's allegations, as stated in the accusatory instrument and any supporting depositions, establish the existence of a prima facie case, even if those facts would not be legally sufficient to prove guilt beyond a reasonable doubt (People v Henderson, 92 NY2d 677 [1999]; People v Jennings, 69 NY2d 103 [1986]). The court must view the facts in a light most favorable to the People (People v Vonancken, 27 Misc 3d 132[A] [App Term, 2nd Dept, 9th & 10th Jud Dists 2010]; People v Mellish, 4 Misc 3d 1013[A] [Criminal Court, NY County 2004]), without giving the accusatory instruments and supporting depositions an overly restrictive or technical reading (People v Casey, 95 NY2d 354 [2000]). Further, to be facially sufficient, an information "must supply [the] defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (People v Rodriguez, 214 AD3d 908 [2d Dept 2023]). 
The "To Wit" portion of the information, for all of the above-mentioned charges, sworn to by Police Officer Tristan Alfano, provides the following in relevant part:
"Your deponent states that on April 10, 2024 at approximately 2153 hours, deponent and Officer McGowan observed a 2020 Nissan Altima bearing New York registration KYK5709 traveling eastbound on Washington Avenue in Roosevelt. The vehicle failed to stop at the stop sign located at Washington Ave and Hansom Pl, Roosevelt, NY 11575. Deponent initiated emergency lights and sirens and attempted to conduct a VTL stop. The vehicle took an extended period of time to pull over, before doing so on Washington [*4]Ave and Willet Pl. Deponent and Officer McGowan exited their RMP with outer vest carriers on with "Police" written across it, when the vehicle fled east bound on Washington Ave and proceeded to flee through the backstreets of Roosevelt at a high rate of speed. Deponent disengaged their emergency lights and sirens and followed the vehicle from a safe distance. The vehicle pulled into the driveway of 12 Willet Pl, Roosevelt, NY 11575, and the operator, defendant Umar Merritt exited the vehicle and fled on foot. Deponent engaged the defendant in a foot pursuit giving several verbal commands to stop. The defendant was placed on the ground and began flaring his arms and legs in an attempt to prevent deponent from placing him into handcuffs. After a struggle the defendant was placed into custody."
"'[I]n evaluating the sufficiency of an accusatory instrument,' a court does 'not look beyond its four corners (including supporting declarations appended thereto)' (People v Hardy, 35 NY3d 466, 475 [2020]; see CPL 100.15 [3]; 100.40 [1] [c]; People v Thomas, 4 NY3d 143, 146 [2005])" (People v Slade, 37 NY3d 127, 136-37 [2021]). For purposes of sufficiency, the court may not consider extraneous allegations contained in a motion to dismiss or an answer to a motion to dismiss (People v Gibbs, 50 Misc 3d 1202(A) [Crim Ct, Bronx County 2015]; People v Nunez, 36 Misc 3d 172 [Crim Ct, New York County 2012]; People v Nwogu, 22 Misc 3d 201[Crim Ct, Queens County 2008]; People v Voelker, 172 Misc 2d 564 [Crim Ct, Kings County 1997]).
Rather, "[t]he People bear the burden of making a 'prima facie case for the offense charged in the text of [an] information' (People v. Jones, 9 NY3d 259, 261, 848 N.Y.S.2d 600, 878 N.E.2d 1016)" (People v Rodriguez, 214 AD3d at 908). Moreover, "[s]o long as the factual allegations of the information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (id. at 908-909 [internal citations omitted]).
Penal Law §270.25 entitled "Unlawful fleeing a police officer in a motor vehicle in the third degree" provides,
A person is guilty of unlawful fleeing a police officer in a motor vehicle in the third degree when, knowing that he or she has been directed to stop his or her motor vehicle by a uniformed police officer or a marked police vehicle by the activation of either the lights or the lights and siren of such vehicle, he or she thereafter attempts to flee such officer or such vehicle by driving at speeds which equal or exceed twenty-five miles per hour above the speed limit or engaging in reckless driving as defined by section twelve hundred twelve of the vehicle and traffic law.
Defense counsel argues that this charge is facially insufficient. Defense counsels contends that the charging instrument includes only hearsay and conclusory facts and fails to lay out sufficient facts which demonstrate driving recklessly or speeding in excess of 25 miles per hour as required by the statute. In opposition, the People assert that "Defendant knew he was being stopped by uniformed police officers based upon their outer vest carriers and emergency lights and siren and nonetheless fled the scene..." (Memo of Law in Opposition, ¶12).
As indicated supra, this court has determined that the reckless driving charge is facially sufficient. Viewing the allegations set forth in the subject information the court finds that the information, viewed in the light most favorable to the People, establishes every element of the [*5]offense charged and defendant's commission thereof (see CPL 100.40[1]; People v Alejandro, 70 NY2d 133[1987]). Therefore, the information makes out a prima facie case with respect to the charge of unlawful fleeing a police officer in a motor vehicle in the third degree. Accordingly, defendant's motion to dismiss the charge of Penal Law §270.25 as facially insufficient is denied.
Penal Law §195.05 Obstructing governmental administration in the second degree provides in relevant part,
"A person is guilty of obstructing governmental administration when:
1. Such person intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference, or by means of any independently unlawful act..."
As to the charge of Penal Law §195.05, obstructing governmental administration in the second degree, defendant argues that the accusatory instrument fails to establish every element of the offense charged by non-hearsay and non-conclusory allegations. In opposition, the People allege that "defendant committed an independently unlawful act...in order to prevent officers...from performing one of their official functions, namely effecting an arrest for defendant's unlawful fleeing..." (Memo of Law in Opposition, ¶ 16). The People assert that "the very fact that defendant unlawfully fled the police during...[a] lawful VTL stop ...shows that Defendant was intentionally obstruction Officer McGowan from administering the law, specifically to write Defendant a traffic ticket" (id.). 
Penal Law §195.05 was "intended to make criminal conduct designed to interrupt or shut down administrative governmental operations" (People v Offen, 96 Misc 2d 147, 151, [Crim Ct, New York County 1978]). Since "[t]he plain meaning of the statute and the accompanying Commentary clearly demonstrate that the mens rea of this crime is an intent to frustrate a public servant in the performance of a specific function" (People v Joseph, 156 Misc 2d 192, 193[Crim Ct, Kings County 1992]), a facially sufficient information must set forth adequate factual allegations to establish that the public servant was "engaged in a specific action at the time of the physical interference, and not just on duty." Id. at 194. "The requirement that the People plead a specific function is not an onerous burden. [T]he barest allegation of a[n official] function would suffice to satisfy this element of the statute." Id. at 196.
Viewing the allegations in the light most favorable to the People, the court finds that the subject information establishes every element of the offense charged and defendant's commission thereof (see CPL 100.40[1]; People v Alejandro, 70 NY2d 133[1987]). Therefore, the information makes out a prima facie case with respect to the charge of Penal Law §195.05, obstructing governmental administration in the second degree. Accordingly, defendant's motion to dismiss the charge as facially insufficient is denied.
Pursuant to Penal Law §205.30, a person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person. Defense counsel argues that the accusatory instrument fails to lay out non-hearsay, non-conclusory factual allegations which establish the elements of Penal Law §205.30. The People maintain that this charge is facially sufficient as the information provides details regarding the defendant fleeing on foot and "flaring his arms and legs" to prevent being handcuffed. 
Viewing the allegations set forth in the subject information the court finds that the information, viewed in the light most favorable to the People, establishes every element of the [*6]offense charged and defendant's commission thereof (see CPL 100.40[1]; People v Alejandro, 70 NY2d 133[1987]). Therefore, the information makes out a prima facie case with respect to the charge of Penal Law §205.30, resisting arrest. Accordingly, defendant's motion to dismiss the charge as facially insufficient is denied.
Penal Law §220.03 provides that:
"A person is guilty of criminal possession of a controlled substance in the seventh degree when he or she knowingly and unlawfully possesses a controlled substance; provided, however, that it shall not be a violation of this section when a person possesses a residual amount of a controlled substance and that residual amount is in or on a hypodermic syringe or hypodermic needle; nor shall it be a violation of this section when a person's unlawful possession of a controlled substance is discovered as a result of seeking immediate health care as defined in paragraph (b) of subdivision three of section 220.78 of this article, for either another person or him or herself because such person is experiencing a drug or alcohol overdose or other life threatening medical emergency as defined in paragraph (a) of subdivision three of section 220.78 of this article."
The "To Wit" portion of the information, sworn to by Police Officer Tristan Alfano, provides the following in relevant part:
"Subsequent to a search of the defendant, deponent recovered a zip lock bag containing 3 white circular shaped pills labeled 'RP 10 325' believed to be Acetaminophen and Oxycodone Hydrochloride which is a schedule 2 controlled substance from the defendant's front sweatshirt pocket...your deponent believes the...pills...to be Acetaminophen and Oxycodone Hydrochloride based upon your deponent's 3 years' experience as a police officer, your deponent's training in the recognition of Acetaminophen and Oxycodone Hydrochloride received in the Nassau Police Academy, and your deponent's participation in numerous investigations involving controlled substances, specifically Acetaminophen and Oxycodone Hydrochloride. Your deponent also believes the 3 white circular shaped pill labeled 'RP 10 325' to be Acetaminophen and Oxycodone Hydrochloride based upon the inscription 'RP 10 325', color, texture, shape and packaging of the recovered substance."
Defense counsel argues that the People's failure to annex and affix a laboratory report to the accusatory instrument is fatal to the charge of Penal Law §220.03. Defense counsel contends that "[w]ithout a toxicology report annexed and affixed to the accusatory instrument to ensure that the substance allegedly recovered on a defendant is, in fact, a controlled substance, the allegation is conclusory" (Affirmation in Support of Defendant's Motion to Dismiss, ¶ 25). In opposition, the People assert that pursuant to the holding in People v. Kalin, 12 NY3d 225 (2009), a laboratory report is not necessary to make out a prima facie case pursuant to PL 220.03. In People v. Kalin, the court held:
"[w]e have already rejected the notion that a laboratory report is necessary to set forth a prima facie case and we unanimously adhere to that holding today...the officer in this case presented more in the accusatory instrument than merely stating that he used his [*7]experience and training as the foundation in drawing the conclusion that he had discovered illegal drugs" (id., at 231).
Based upon Officer Alfano's observations, the information provides sufficient factual allegations to provide reasonable cause to believe that defendant knowingly and unlawfully possessed a controlled substance. The court finds that the factual allegations contained in the information are sufficient, as they contain non-hearsay allegations which support every element of the offense charged and defendant's commission thereof (see CPL 100.40[1]; People v Alejandro, 70 NY2d 133 [1987]). Accordingly, defendant's motion to dismiss the charge of criminal possession of a controlled substance in the seventh degree based on facial insufficiency is denied.
Next, with respect to defense counsel's argument regarding invalidation of the People's SOR under CPL 30.30(5-a) on the basis of insufficient charges, CPL 30.30(5-a) provides:
"Upon a local criminal court accusatory instrument, a statement of readiness shall not be valid unless the prosecuting attorney certifies that all counts charged in the accusatory instrument meet the requirements of sections 100.15 and 100.40 of this chapter and those counts not meeting the requirements of sections 100.15 and 100.40 of this chapter have been dismissed."
As discussed above, the People concede in their opposition that one (1) count of VTL 1110(a) charge is facially insufficient. However, notwithstanding same, the court further finds "the fact that one accusatory instrument is later deemed to be facially insufficient does not render the People's prior CPL 30.30(5-a), statement invalid with respect to any remaining facially sufficient accusatory instruments" (People v Loonam, 79 Misc 3d 128(A)[App Term, 2d Dept, 9th & 10th Jud Dists 2023]).
In People v Williams, 83 Misc 3d 21 (App Term, 2d Dept, 11th, 13th Jud Dists 2024), the Second Department recently held:
"Criminal Procedure Law section 30.30 (5-a), effective January 1, 2020, provides that, in order for an SoR to be valid, the People must 'certif[y] that all counts charged in [a local criminal court] accusatory instrument meet the requirements of [CPL] 100.15 and 100.40 . . . and those counts not meeting the requirements of sections 100.15 and 100.40 of this chapter have been dismissed.' The legislature, in enacting the new disclosure requirements of Criminal Procedure Law article 245, also effective January 1, 2020, provided for sanctions in the event of non-compliance (see CPL 245.80). However, in amending CPL 30.30, the legislature did not provide for sanctions or any consequence in the event the People's CPL 30.30(5-a) certification was inaccurate. The plain language of CPL 30.30 (5-a) requires no more than that, in order for an SoR to be 'valid,' the People 'certif[y]' that the counts charged in a local criminal court accusatory instrument are facially sufficient (CPL 30.30 [5-a]). As the People here filed the required certification, they satisfied the legislature's requirement as set forth in CPL 30.30 (5-a) and, thus, their SoR was 'valid.' Consequently, defendant's sole ground to hold that the People's statutory speedy trial time had expired lacks merit and, thus, the judgment of conviction must be affirmed." (Emphasis added).
Moreover, the court People v Robinson, 83 Misc 3d 129(A) (App Term, 2d Dept, 11th & 13 Jud Dists 2024) held:
"As we said in People v Williams (— Misc 3d —, 2024 NY Slip Op 24059, [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]), the Criminal Procedure Law does not 'provide for sanctions or any consequence in the event the People's CPL 30.30 (5-a) certification was inaccurate.' Rather, if the People 'filed the required certification, they satisfied the legislature's requirement as set forth in CPL 30.30 (5-a) and, thus, their SOR was 'valid' ' (id. at *2). Consequently, the branch of defendant's motion seeking, in effect, to dismiss the entire accusatory instrument based upon an alleged violation of his statutory speedy trial rights due to an invalid SOR was properly denied."
In the case at bar, the court finds the People's SOR filed on July 29, 2024 to be valid. As stated above, CPL 30.30 (5-a) requires the People to file a certification. Here, that was done. Thus, any challenge to the People's certification as null and void, is flatly rejected. Accordingly, in light of the court's determination that the charges under VTL 1212 and Penal Law §§ 270.25, 205.30, and 220.03 are facially sufficient, the branch of defendant's motion seeking an order deeming the SOR filed on July 29, 2024 invalid, under CPL 30.30(5-a), is likewise denied. 
Next, defendant moves for an order pursuant to CPL 245.20 and 245.50, deeming the People's COC and SOR invalid and illusory due to the People's alleged failure to disclose all electronically stored information, specifically, dashboard camera video. CPL 245.20(1) requires the prosecutor to disclose "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control." The statute then enumerates a non-exhaustive list of materials subject to disclosure (see People v Lewis, 72 Misc 3d 686 [Crim Ct, Kings County 2021]).
Further, CPL 245.20(2) states, in pertinent part, that:
"[t]he prosecutor shall make a diligent, good faith effort to ascertain the existence of material or information discoverable under subdivision one of this section and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control; provided that the prosecutor shall not be required to obtain by subpoena duces tecum material or information which the defendant may thereby obtain. For purposes of subdivision one of this section, all items and information related to the prosecution of a charge in the possession of any New York state or local police or law enforcement agency shall be deemed to be in the possession of the prosecution."
After the People have complied with their discovery obligation, CPL 245.50(1) requires that the prosecutor 
"shall serve upon the defendant and file with the court a certificate of compliance. The certificate of compliance shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery. It shall also identify the items provided. If additional [*8]discovery is subsequently provided prior to trial pursuant to section 245.60 of this article, a supplemental certificate shall be served upon the defendant and filed with the court identifying the additional material and information provided. No adverse consequence to the prosecution or the prosecutor shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in section 245.80 of this article."
Whether the People have complied with their statutorily prescribed discovery obligations, "is measured by a tally of the known and existing material, after the 'exercising [of] due diligence and making [of] reasonable inquiries to ascertain [its] existence' (CPL 245.50 [1])" (People v Aquino, 72 Misc 3d 518, 525 [Crim Ct, Kings County 2021]). Thus, "[i]f the People establish that they exercised due diligence and acted in good faith in filing their certificate, their certificate of compliance shall be deemed valid" (People v Salters, 72 Misc 3d 1219[A]*6 [Dist Ct, Nassau County 2021][internal citations omitted]).
As explained by the Court of Appeals in People v Bay, (41 NY3d 200, 212 [2023]), "the plain terms of the statute make clear that while good faith is required, it is not sufficient standing alone and cannot cure a lack of due diligence." Thus, "where the People fail to set forth their efforts to locate items of discovery or determine that they do not exist, or the efforts they describe do not amount to due diligence, their certificate may be invalidated" (People v Perez, 73 Misc 3d 171, 177 [Sup Ct, Queens County 2021]). "An analysis of whether the People made reasonable efforts sufficient to satisfy CPL article 245 is fundamentally case-specific, as with any question of reasonableness, and will turn on the circumstances presented. There is no rule of 'strict liability'; that is, the statute does not require or anticipate a 'perfect prosecutor'" (Bay at 212).
Defendant asserts that the People have failed to turn over dashboard camera video from the underlying incident. In opposition, the People state that "dashboard camera does not exist for NCPD patrol vehicles like the RMP officers had driven for this incident" (Memo of Law in Opposition, ¶17).
It is axiomatic that the People cannot produce what does not exist. Therefore, the court declines to invalidate the COC and SOR on this basis. Accordingly, the branch of the defendant's motion seeking invalidation of the COC and SOR is denied.
Next, defendant seeks to dismiss this action on speedy trial grounds. The applicable subsection is CPL 30.30(1)(b), where, as here, the top charge is a class A misdemeanor (see People v Labate, 2024 NY Slip Op 01582 [Court of Appeals 2024]). It is well settled that speedy trial time begins to run on the day following commencement of the criminal action (see People v Stiles, 70 NY2d 765 [1987]). A motion made pursuant to CPL 170.30(1)(e) "must be granted where the people are not ready for trial within "ninety days of the commencement of a criminal action wherein," as here, "a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony." A criminal action is commenced by the filing of an accusatory instrument in a criminal court (CPL 1.20[16,17]). Here, defendant was arraigned on April 29, 2024. Thus, the speedy trial time commenced on April 30, 2024 and the People are required to be ready within 90 days thereof, less excludable periods. 
Criminal Procedural Law § 30.30(5) requires that "[a]ny statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure [*9]requirements of section 245.20." Suffice it to say, discovery compliance is a condition precedent to a valid announcement of readiness for trial (see People v Gonzalezyunga, 71 Misc 3d 1210[A] [Nassau Dist Ct 2021]; People v Lobato, 66 Misc 3d 1230(A) [Crim Ct, Kings County 2020]; People v Mashiyach, 70 Misc 3d 456 [Crim Ct, Kings County 2020]). Moreover, "absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending," the People cannot be deemed ready for trial unless they have filed a proper certificate of compliance (see CPL 245.50[3]). Further, the People can be deemed ready when material or information is discoverable but cannot be disclosed because it is lost or destroyed, but the court shall impose an appropriate remedy or sanction (CPL 245.80[1][b]).
Defense counsel asserts that there are 101 days chargeable to the People (Affirmation in Support of Defendant's Motion to Dismiss, ¶ 63, p. 33). Defense counsel contends that time after the filing of the COC and SOR is chargeable to the People as "the accusatory instrument in this case was insufficient and jurisdictionally defective at the time they filed their certificates" (id.). The People do not address the speedy trial issue in their opposition papers. In light of the court's decision denying invalidation, and that being the sole basis for dismissal on speedy trial grounds in defense counsel's motion, defendant's motion to dismiss on speedy trial grounds is hereby denied.
In this matter, the People annex a notice to the COC/ SOR which was filed on July 29, 2024 (Exhibit F to Affirmation in Support of Defendant's Motion to Dismiss) which states:
"[P]ursuant to the New York Court of Appeals decision in People v Perdue, Slip Op. 06404 [Dec 14, 2023], that the People may call a witness at trial who observed the defendant either at the time and place of commission of the offense or on some other occasion relevant to the case and who has not previously identified the defendant in an out-of-court identification procedure but may do so upon a trial of the charges. These potential witness(es) are: PO Tristan Alfano, Serial No. 10538 PO Sean McGowan, Serial No, 10619."
Defense counsel contends that the People's notice is delayed and that the two police officers involved in the instant arrest should be precluded from making a first-time in-court identification of defendant. Citing to People v Perdue, 41 NY3d at 247 (2023), defense counsel asserts that "when the People call a witness who may make a first time, in-court identification, they must ensure that the defendant is aware of the possibility as early as practicable so that the defendant has a meaningful opportunity to request alternative identification procedures" (Affirmation in Support of Defendant's Motion to Dismiss, ¶76). The People oppose and assert that a Perdue notice wasn't required to be served for this matter (Memo of Law in Opposition, ¶ 23). The People state that "[t]he Court of Appeals judicially created Purdue [sic] notice for the purpose of preventing wrongful convictions based upon mistaken civilian eyewitness identifications and does not pertain to police identifications" (id.). 
Based on the facts and circumstances of the instant matter and the witnesses in question, the court declines to grant the defendant's request for preclusion of first-time in-court identification at this time. Furthermore, the court declines to order an alternative pre-trial identification procedure.
A Mapp/Dunaway/Huntley suppression hearing will be conducted prior to trial. 
Defendant's request for a Molineux/Ventimiglia hearing is presently denied, in the absence of notice by the People of their intent to offer such evidence on their direct case at trial. 
Defendant's attempt to reserve the right to make further motions is denied, as premature (CPL 255.20[2], [3]).
In light of the date of this Court's decision, this case is advanced to October 10, 2024, at which time hearings will be scheduled. The defendant's appearance is required on this date.
This constitutes the decision and order of the court. 
So Ordered.
Michael A. Montesano
DISTRICT COURT JUDGE
Dated: September 30, 2024